## GARDNER, Adm'r, vs. PICKETT, Adm'r.

[BILL IN EQUITY FOR INJUNCTION.]

1. *Bill in chancery; what without equity.*—The executors of an estate were indebted to an attorney for services rendered during their administration, and he was indebted to them for money of the estate loaned to him, the payment of which was secured by a mortgage. On final settlement they charged the estate in their favor with the value of his services, but failed to execute an agreement with him to credit his debt with the amount allowed to them,—*Held,* that a bill in chancery by him to enjoin a sale of the mortgaged property by the administrator of a distributee to whom his debt and mortgage had been transferred in the distribution of the estate, and to credit his debt with the amount due him for his services, was without equity.

2. *Same; what amendment is a departure.*—An amendment to such a bill,

setting up a claim of another person to the mortgaged property as a prior incumbrancer, is an inadmissible departure from the original bill.

APPEAL from Chancery Court of Pike.
Heard before Hon. ADAM C. FELDER.

The facts are set forth in the opinion.

J. L. PUGH, for appellant.—This is not a bill to establish a set-off, or collect a debt with which the estate of Siler is charged by the contract of the executors for lawyer's fees, and hence the cases cited by appellee's counsel do not apply.

On the contrary, it is a bill to perpetually enjoin the sale of real estate under a mortgage to secure a note which has already been paid and extinguished by the executors of Siler, while they were executors and authorized to receive payment of the note in services rendered by the maker of it. After the services were recognized as a proper charge against the estate, and allowed as a credit to the executors, they agreed to satisfy the note and credit each with the other.

The division made of the assets, money and property by commissioners in December, 1862, does not show that McIntyre's note was among the notes turned over. The bill states that McIntyre's note was turned over on *final* division, and that at the final *settlement*, Parks, the secretary, had the note, and that after the allowance on the final settlement of the $1,632, Parks, having possession of the note, placed a credit on it of the *identical six hundred and thirty-two dollars* allowed for the services rendered *on the final settlement*. Certainly, then, the note had not passed from under the control of the executors when the agreement was made to extinguish it with the allowance for McIntyre's professional services.

If the executors employed McIntyre, and reported the amount they had charged the estate with for his fees, and the amount was allowed them, *indisputably* they could accept payment of that allowance in McIntyre's note, which the bill distinctly shows they agreed to do at the time the

credit was allowed on final settlement. This arrangement by the *quasi* trustees of the legatee extinguished McIntyre's note as an asset belonging to the estate and subject to distribution. Then, how can the complainant be required to go on the executors, and the legatee be permitted to collect a note that has once been paid and satisfied by the lawful, just, and equitable contract of her trustees ? The legatee does not stand in the position of a creditor or purchaser. The legacy she has was properly chargeable with the debts and just claims and allowances against the estate. She was entitled to nothing until all these were discharged. The note she has, the executors have *appropriated* and *withdrawn* from the assets of the estate, with the consent and approbation of the probate court. What right has the legatee to the note in equity and conscience ?

The case of *Coopwood et al. v. Wallace et al.*, 12 Ala. 790, has been restored as an authority to support the right of executors to charge the estate in the lawyers' fees, by the case of *Mulhall v. Williams and Wife*, 32 Ala. 489.

" It is a self-evident truth," says Justice Dargan in *Coopwood v. Wallace*, " that an administrator has the right to employ lawyers to aid him in the collection of the debts and property belonging to the estate, and to charge the estate with just compensation for such services."

This being the undoubted law, the executors had a clear right to collect McIntyre's note in services, instead of money, and having been once collected by the trustees of the legatee, she can not collect it again out of McIntyre, and turn him over to her trustees for redress.

As to the amended bill making a new case, and joining complainants : Soles made a sale of the real estate mortgaged, before the mortgage was executed. The purchase-money had never been paid him by McIntyre. After McIntyre's note was satisfied by the agreement with the executors, Soles re-purchased the real estate, and credited the amount paid for the lot on the re-sale with the $300 purchase-money due him. Soles' lien for the $300 was older than the mortgage, (the mortgage was made to secure an antecedent debt,) and in equity Soles has the older

and better lien. Besides, McIntyre's estate would be responsible to Soles, if this mortgage is foreclosed by a sale of the lot, as in the absence of covenants of warranty *the law* would bind McIntyre's estate to remove the incumbrance. This associates Soles' and McIntyre's administrators and heirs in interest in the bill now filed, to perpetually enjoin the enforcement of a lifeless incumbrance. 4 Ala. 21 ; Story Eq. Pl. §§ 224, 229. They are *proper*, if not necessary parties.

STONE, CLOPTON & CLANTON, *contra.*—1. The bill is without equity.—*Jones v. Dawson*, 19 Ala. 672–78 ; *Kirkman, Abernathy & Hanna v. Benham*, 28 Ala. 501.

2. The bill is fatally deficient as a bill for equitable set-off.—*T., C. & D. Railroad v. Rhodes*, 8 Ala. 2ʟ6 ; *Carroll v. Malone*, 28 Ala. 621.

3. The amendment makes a new case.—*Winter v. Quarles*, 43 Ala. 692.

B. F. SAFFOLD, J.—The case made by the bill is, that Edward L. McIntyre was the attorney of the executors of Solomon Siler, deceased, in their administration and final settlement of his estate. He had borrowed money from them, and secured its payment by a mortgage on a house and lot. They were indebted to him for his services. On their final settlement they charged the estate with the amount of these services, and credited McIntyre's debt with a portion of the amount allowed them. They agreed with him that the entire allowance should be so credited, but in the distribution of the estate by commissioners his note and mortgage were transferred to one of the distributees, Mary A. Siler, afterwards Mrs. Pickett, and the credit was not made. The administrator of Mrs. Pickett, who was about to foreclose the mortgage, is made a party defendant, together with the surviving executors and the heirs-at-law of those who had died. The prayer is, that the credit allowed the executors be set aside, and that his debt be credited with the amount he may be entitled to receive, and for an account between him and the executors ;

and for an injunction to restrain the sale of the property mortgaged by him.

The bill was dismissed for want of equity, and misjoinder of parties, with leave to amend. The amended bill introduced Lemuel B. Soles as a party complainant with McIntyre, and propounded his interest, the substance of which was, that he had originally sold the mortgaged property to McIntyre, and had. purchased it back again for something more than the purchase-money, which had never been paid, and was in possession. This bill was also dismissed for the same reasons as the other.

The claim of McIntyre was upon the executors, and not upon the estate of Siler. His debt was assets of the estate. When the executors charged the estate with the amount of his claim, it was a preclusion of any possible recourse upon it in favor of McIntyre, even if he had otherwise had such a right. The agreement between him and the executors was not executed by them, but they had, by their action, chosen to be accountable themselves to him. *Jones v. Dawson*, 19 Ala. 672–78.

The amended bill did not help McIntyre's case by setting up the claim of Soles as a prior incumbrancer. It made a new case, inadmissible as an amendment, besides being subject to the objections of misjoinder of parties and multifariousness.—*Winter v. Quarles*, 43 Ala. 692.

The decree is affirmed.