## LEGGETT et al. *vs.* BENNETT, Ex'r, et al.

[BILL IN EQUITY SEEKING TO RECOVER OF SURETIES OF ADMINISTRATOR OF COM-PLAINANTS' FATHER'S ESTATE, AND ALSO OF SURETIES OF SAME PERSON IN ADMINISTRATION OF COMPLAINANTS' GRAND-FATHER'S ESTATE, WHICH WAS INDEBTED TO FIRST ESTATE, THE AMOUNT DUE THE FATHER'S ESTATE BY THE ADMINISTRATOR, &C.]

Where, in equity, the complainants charged that, as heirs of their father, they were entitled to certain property left by him at his death, and to other property ascertained to be his by a decree of the probate court, after his death, on the final settlement and distribution of his father's estate, which his administrator, who was also the acting administrator of the other estate, retained by direction of the court, and sought to recover the same from the sureties of the administrators of both estates, who were alleged to have died insolvent,—*Held*, 1st. That the sureties of the administrators of the grand-father's estate were improperly made defendants, because no liability was shown against them.

2. That an amendment of the bill, showing that the administrator of the administrator of the father's estate had received all of the assets with which his intestate was chargeable, and had settled his accounts in the probate court, where a decree for the balance unadministered was rendered against him, without an averment of some other reason why the complainants still had recourse against the sureties of the administrator of the father's estate, destroyed the case against the said sureties.

3. Amendments which would divest a bill of all of its original defendants, and make a new case against new defendants, can not be allowed.

APPEAL from the Chancery Court of Barbour and Henry. Heard before Hon. ADAM C. FELDER.

The opinion sufficiently states the facts.

J. A. CORBITT, for appellant.
OATES & CLENDENNIN, *contra.*

B. F. SAFFOLD, J.—The appellants, as complainants, alleged that as the heirs of their father, Marlin Nall, they were entitled to certain property of which he died seized and possessed; and to certain other property which was ascertained, after his death, to be due to his estate, by a decree of the probate court, on the final settlement and distribution of the estate of his father, William Nall. That his administrator, Floyd Nall, who was also the acting administrator of William Nall's estate, was directed by the probate court to retain in his hands this last mentioned property, as that of his estate, which he did.

The administrators of William Nall, and the administrator of Marlin Nall having died insolvent, as is charged, the bill sought the recovery of all the property above mentioned from their respective sureties. Those who survive, and the representatives of those who had died, were made defendants. The bill was demurred to for want of equity, misjoinder of parties defendant, and multifariousness. It was dismissed on demurrer without prejudice.

Of these defendants, Floyd Nall, as the administrator of Marlin Nall, and his sureties, were alone responsible for that portion of the property which his intestate died seized and possessed of. If, as the bill alleges, there was a final settlement and distribution of the estate of William Nall, and the distributive share of Marlin therein became chargeable to Floyd Nall, as his administrator, then he and his sureties were alone responsible for it; and no liability is shown against the sureties for the administration of William Nall's estate. There was a misjoinder of parties defendant.

The misjoinder of parties as defendants can only be taken advantage of by those who should not have been made parties.—Story's Eq. Plead. § 544; *Horton v. Sledge,* 29 Ala. 478. The effect of the objection, when sustained,

is the dismissal of the bill as to them. The bill is not multifarious for containing two distinct subject matters. To constitute multifariousness in this respect, both subjects must be capable of redress by a court of equity.—Story's Eq. Plead. § 283. There is simply no case against the sureties for the administration of the estate of William Nall.

The answers of the sureties for the administration of Marlin Nall's estate developed, that after the death of their principal, the administration was committed to Thomas Armstrong, and that Thomas Gray became the administrator of Floyd Nall, and settled his administration of Marlin Nall's estate in the probate court, where a decree was rendered against him which he paid to the said Armstrong. These facts were shown by a transcript of the record, and the receipt of Armstrong, appended to the answers as exhibits.

After the court had sustained the demurrers to the original bill, the complainants amended it by striking out the sureties of the administrators of William Nall as defendants; making Gray and Armstrong defendants in their official capacities, and appending an exhibit of the facts above stated, except the receipt of Armstrong to Gray, and by praying for a settlement of Marlin Nall's estate. The sureties of Floyd Nall assigned like grounds of demurrer to the amended bill, which the court sustained. The objection of misjoinder of parties defendant was well taken, because, now, the bill averred that Gray, having received all the assets with which his intestate was chargeable, had settled Floyd Nall's administration of Marlin Nall's estate in the probate court, and had become personally responsible for the amount of the decree rendered against him, without an averment that he was insolvent, or that there was any error in the settlement, or of any cause why the complainants still had recourse against the sureties of Floyd Nall.

The bill was now divested of all of its original defendants, and had become a new suit against new parties. It could not be maintained as such. Amendments to a bill

must be consistent with the original.—1 Dan. Ch. Plead. & Prac. m. p. 454, note 2; *Lyon v. Tallmadge*, 1 Johns. Ch. Rep. 184.

The decree is affirmed.