# Alabama Warehouse Co. *v.* Jones *et al.*

### *Bill of Equity to declare Mortgage a General Assignment.*

1. *Fraudulent conveyance; what creditor need not do, to assail.*—A creditor having a pledge for the payment of a debt, is not bound, if he assails as fraudulent a subsequent conveyance by the debtor to other creditors, or asserts that it is a general assignment, in the benefits of which he, and all the other creditors, are entitled to participate, to offer to relinquish the pledge, or to bring it in as a contribution to a common fund, for the equal benefit of the fraudulent donee and himself, or that other just creditors shall have share in it.

2. *Demurrer; what will be considered.*—This court can consider only such specific grounds of demurrer as were interposed in the court below ; other grounds are waived.

3. *Judgment; what questions conclusive of.*—Where complainant, being a corporation, without fraud or collusion, recovers a judgment against a debtor in its contract. the judgment determines the validity of the contract, and the question cannot be reopened, when the creditor gives into equity to reach and condemn equitable assets.

4. *Foot note; when not necessary.*—Where there is a proper foot note to the original bill, and an amendment is allowed, by striking out certain paragraphs, and inserting certain allegations in lieu of one of the paragraphs the defendants were required to answer, no additional foot note is necessary.

5. *Amendment; what may introduce.*—An amendment may introduce new matter, where it consists of facts occurring after the filing of the original bill, pertaining and not foreign to the matter of the original bill ; and where the amendment abandons any claim, as to one of the matters as to which relief is sought, this cures any objection on the ground of multifariousness, because the claim thus abandoned was joined with others, as to which it had no necessary or proper connection.

APPEAL from Pike Chancery Court.

Heard before Hon. H. AUSTILL.

The original bill in this cause was filed by the appellant, the Alabama Warehouse Company, and John W. Durr, A. R. Baker and others, its stockholders, against the appellees, U. L. Jones and John R. Lawson. The bill averred that, in the year 1872, the defendant Jones borrowed of the appellant one thousand dollars, and as part of the consideration of said loan, he deposited with said company fifteen "Troy

VOL. LXII.

OF ALABAMA. 551

bonds " of one hundred dollars each; that Jones afterwards, during the year 1872, received from said company divers sums of money, and made several payments on the same, in the shipment of cotton, and that, at the end of the season, it was found that said Jones was indebted to appellant over one thousand dollars. On this balance the stockholders brought a joint suit, and recovered a judgment against Jones for eleven hundred and eighty seven dollars and ninety-five cents. Nothing had been paid on this judgment. The bill then averred possession of the bonds deposited by Jones, and that they had greatly depreciated, and were not now worth more than five hundred dollars.

The bill also avers, " that on the 11th day of October, 1873, the said Urban L. Jones executed and delivered to John R. Lawson, a mortgage, ostensibly to secure a debt of five thousand dollars, which said mortgage debt was made payable one year after date," and by it conveyed to Lawson certain property of said Jones, situated in Troy, comprising the whole of block " C " in that town, except that said Jones reserved a house and lot in said block, known as the Jones hotel. The bill further avers the property embraced in the mortgage was of value doubly sufficient to pay the mortgage debt, and embraced all the property of said Jones which could be reached by execution; and that at the time of the making of the mortgage no money passed between the said Lawson and Jones, but that the only consideration for said mortgage was an antecedent debt, due said Lawson, of small amount, and was made mainly for the purpose of hindering, delaying and defrauding the creditors of said Jones. The bill prayed a decree declaring the mortgage fraudulent and void, or that it be declared a general assignment and enuring to the equal benefit of all the creditors of said Jones, and that the complainants be allowed to participate in the same; " that the court should decree that the fifteen Troy bonds be sold and the proceeds applied to the judgment of complainants;" or that an account be taken to ascertain the value of said bonds, and that such amount be credited on the judgment, and for the balance that a lien be declared on the property covered by the mortgage, and for general relief.

Lawson and Jones demurred to the bill, on the grounds : 1st. Misjoinder of parties—in this, the Alabama Warehouse Company, a private corporation, sues, and with it the individual stockholders are made parties complainant. 2d. That the bill is multifarious, in this—it seeks to declare a mortgage a general assignment or a fraud, and at the same time it seeks to procure a sale of Troy bonds held as collateral, and in no wise connected with the fraud or general assign-

ment, and "with which defendant Lawson is not connected with the said bonds held as collateral, and as against him no relief can be granted as to them." 3d. There is no offer to do equity, by allowing the funds arising from the sale of said Troy bonds to be distributed among the creditors of said Jones, if said mortgage be declared a general assignment. Before the hearing, the complainants amended their bill by striking out the names of the stockholders as complainants, and adding and averring that the judgment was the property of the Alabama Warehouse Company, and by striking from the prayer of the bill all prayer for relief as to the Troy bonds. The amendment was inserted in lieu of the paragraph stricken out, which was one of the paragraphs which the foot note required defendants to answer.

The prayer of the bill as amended, is that the mortgage be declared void as to the creditors of said Jones, as to debts existing at the time said mortgage was executed, and that complainants have a superior lien upon said property, mentioned in their original bill, to the lien of said mortgage, and for general relief. No foot note is attached to this amendment. In this amendment it is further averred, that since suit brought the complainants had purchased said Troy bonds for the sum of five hundred dollars, which was to be credited on the judgment they had obtained against Jones.

Lawson demurred to the amendment, on the grounds: "1st. Complainant does not offer to do equity by the bill, in this—he has taken the entire amount of the collateral he held and not offered to divide with the other creditors. 2d. Complainant has changed the character of his bill, in this—that it was first filed to enforce a lien sale of bonds, and during its pendency complainants purchased the bonds, and now by amendment under the same bill, and without change of parties, it seeks to declare void a mortgage, and have the mortgage property sold to pay the overplus. 3d. There is no foot note to the amendment, prescribing the matters or portions to be answered, as required by rule 10 of chancery practice."

On final hearing the Chancellor sustained the demurrer, both as to the original and amended bills, and dismissed them without prejudice; and from that decree this appeal is prosecuted.

N. W. GRIFFIN, and CLOPTON, HERBERT & CHAMBERS, for appellant,

PARKS & HUBBARD, contra.
Vol. LXII.

BRICKELL, C. J.—1. The amendment removed two of
the causes of demurrer to the original bill—the joining the
stockholders as complainants with the corporation; and the
relief prayed in reference to the pledge of the bonds of the
city of Troy. The remaining ground of demurrer was not
well taken. A creditor having a pledge for the payment of a
debt, is not bound if he assails as fraudulent a subsequent
conveyance by the debtor to other creditors, or asserts that
it is a general assignment, in the benefits of which, he and
all other creditors are entitled to participate, to offer to re-
linquish the pledge; or to bring it in as a contribution to a
common fund for the equal benefit of the fraudulent donee
and himself, or that other just creditors shall share in it.
The pledge is his own security, carved out by his own con-
tract for his own protection, and the only equity other cred-
itors can assert, is its application to the reduction of his debt,
lessening his claim on the funds to which they can resort in
common with him.

2. A bill may be originally framed with a double aspect,
or may be so amended as to be of that character. The rule
is inflexible, however, and a departure from it would produce
vexatious uncertainty, and inextricable confusion, that the
alternative case stated *must be the foundation for precisely the
same relief.*—Story's Eq. Pl. §§ 251-4. It may be the original
bill assailing the mortgage to Lawson as fraudulent, and
claiming that it should be vacated, and yet, in another aspect,
asserting that it is a general assignment, enuring under the
statute, to the equal benefit of all creditors, and praying that
it be so declared, is repugnant and inconsistent in its allega-
tions, and in its prayers for relief, offending the rule to which
we have referred. This was not, however, assigned as cause
of demurrer, and if it had been, an opportunity to amend
would have been afforded the complainant. The statute con-
fined the Chancellor and confines the court, to the causes of
demurrer specifically assigned; all others, the demurrant is
supposed to waive.

3. There is not an averment in the bill which negatives the
power of the complainant to loan money; and if the demurrer
was intended to raise that question, it finds no warrant in
the averments of the bill, and it is the sufficiency of these
alone it involves. That question, however, it is too late to
raise—the judgment at law obtained by the complainant,
without collusion with the debtor, is conclusive of the validity
of the contract on which it is founded.—*Mayor v. Lord,* 9
Wall. 409.

4. Another ground of demurrer is, the want of a foot note
to the amended bill, specifying the particular statements

each defendant was required to answer. In *Winter v. Quarles*, 43 Ala. 692, it was held, the omission is good cause of demurrer. Whether the defect is not rather a ground for a motion to strike the bill from the files, than cause of demurrer, it is scarcely necessary to consider. When the objection is presented in the one way or the other, the defect is so easily remedied, that the mode of presenting it cannot be a matter of practical importance. Under our practice amendments may be made by simply striking out facts of a bill or answer, by interlineation or erasure, when of a brief character. The essential is, that the amendment must be made in such manner, that it may be ascertained in what it consists.—Rule 42, Chan. Pr. The amendment in the present case was by striking out, as well as by introducing new matter; and as to the matter stricken out, no answer from the defendants could be required. The new matter was embraced in a single paragraph, and a foot note requiring an answer to it was unnecessary. Such note is necessary, when the bill is divided into sections, and numbered, (as an original or amended bill must be when it consists of more than one section,) and a defendant has a right to know which of these he is required to answer.

5. It is not the office of an amendment to a bill, to introduce a new and different case from that made by the original bill—thereby, defects in the original bill would not be cured, or new matter put in issue to meet the allegations of an answer; but the amendment would be in fact a new bill. The amended bill is not obnoxious to this objection—the new matter introduced by it, was of facts occurring after the original bill had been filed, pertaining, and not foreign to the matter of the original bill. The rules of practice authorize the introduction of such matter, by an amendment. All relief in reference to the pledge of the city bonds was thereby shown to be unnecessary, and that the controversy in reference to them had been adjusted. If the original bill was multifarious because it sought to enforce the pledge of these bonds, the amendment abandoning that claim cured the defect.

The decree of the Chancellor, sustaining the demurrer must be reversed, and the cause remanded.