# Rapier *v.* Gulf City Paper Company.

*Bill in Equity by Judgment Creditor for Redemption of Property Conveyed by Mortgage.*

1. *Amendments to bills ; rule prior to the statute.*—Prior to the statute (Code of 1876, § 3790), the allowance of amendments to bills in equity, as a general rule, was not a matter of right, but rested largely in the discretion of the court. They were allowed only when the bill was found defective in proper parties, in its prayer for relief, or in the omission or mistake of some fact or circumstance connected with the substance of the case, but not forming the substance itself. No amendment was allowed, which was repugnant to, or inconsistent with the purposes and objects of the original bill, or which presented a new case.

2. *Amendments to bills under the statute.*—While the statute converts the allowance of amendments to bills from matter of discretion in the court, into a matter of right in the party, if the right is claimed at any time before final decree, such right is not without limit. The complainant can not by amendment make an entire change of parties, introduce a new cause of action, or vary the statement of facts on which the equity of the bill may depend, so that there would be an essential change in the character of the relief to which he would be entitled.

3. *Amendment to bill ; when not allowable.*—To a bill in equity filed by one who, as assignee or purchaser, claimed the equity of redemption in real estate conveyed by mortgage, and, as such, sought to redeem, an amendment is not allowable, in which the complainant, setting up no right to the property, no title or claim to the equity of redemption, but admitting such equity to be in the mortgagor, seeks, as a mere judgment creditor, to be let in to redeem, and that the mortgaged property may be subjected to sale for the satisfaction of his judgment. Such an amendment is a radical departure from the case made by the original bill, in that a new and different right is thereby preferred, and the relief thereby sought is essentially different in character from the relief which could have been obtained on the original bill.

4. *Bills may be filed in a double aspect.*—Bills in equity, as originally filed, or as subsequently amended, may present the complainant's case in a double aspect, or, as it is usually expressed, in the alternative. But, when a bill is so framed, in order to prevent surprise, embarrassment of the defendant in making defense, and the inextricable confusion which would follow from blending in one suit distinct causes of action, the rule is strictly observed, that each aspect or alternative must entitle the complainant to the same relief.

5. *Bills in a double aspect ; when not demurrable.*—A bill seeking an adjustment of conflicting liens on personal property of a debtor, and a sale thereof, and presenting the complainant's right to relief in a double aspect, is not demurrable, when, in one aspect, the complainant bases his right to relief on a transfer and assignment of the personal property

[Rapier v. Gulf City Paper Company.]

as security for a debt owing to him by the debtor, and, in the other aspect, he seeks relief as a judgment creditor of such debtor, the relief to which the complainant is entitled in either aspect being substantially the same.

6. *Levy of execution on personal property ; when it does not work a satisfaction.*—While the taking of goods in execution by a sheriff, of value sufficient to satisfy the writ, generally operates a satifaction, this is not the effect of such levy, when the personal property levied on, was restored to the possession of the defendant in execution, or to the possession of a claimant, on the execution of a bond for the trial of the right of property.

APPEAL from Mobile Chancery Court.
Heard before Hon. H. AUSTILL.

This cause was before this court at the December Term, 1878, on appeal from the decree of the Chancery Court overruling a demurrer filed by the appellant, John L. Rapier, one of the defendants in the court below, to the original bill of complaint, and on that appeal the decree of the Chancery Court was reversed and the cause remanded.—*Rapier v. Gulf City Paper Company*, 64 Ala. 330. The case made by the original bill may be stated as follows : In 1876, the appellee, the complainant in the court below, a body corporate, recovered judgment in the Circuit Court of Mobile, against John Forsyth and John L. Rapier, who, as partners engaged in publishing the "*Mobile Daily and Weekly Register*," newspapers in Mobile, and in a "general book publishing and job printing business under the firm name of Forsyth & Rapier, had become indebted to complainant, in a large sum of money. Upon this judgment an execution was duly issued and placed in the hands of the sheriff of Mobile county. Afterwards, Joseph Hodgson, with knowledge of said judgment and execution, purchased from Forsyth all his interest in the property and effects of Forsyth & Rapier, and also an undivided one-half interest in the *Mobile Register* property used by said firm, and which was the private property of Forsyth ; and he also leased from the latter the other half interest therein for the term of several years. Hodgson and Rapier then formed a partnership under the firm name of John L. Rapier & Co., for the purpose of continuing the business of the old firm, and agreed with the old firm, among other things, to pay complainant's judgment. Failing to do this, the sheriff levied said execution on the property which had been so transferred to the new firm, and advertised a sale thereof under the levy. After the sale had been postponed from time to time, and after some negotiations, an agreement in writing was made and entered into by and between Forsyth, Rapier and Hodgson, of the one part, and complainant of the other, a copy of which is made an exhibit to the bill. By this agreement Forsyth, Rapier and Hodgson sold, assigned, transferred and conveyed to

complainant all of said *Register* property, with the rights, contracts and privileges attaching thereto, subject, however, to certain mortgages thereon, which are described in the agreement. Upon the grantors paying or securing to be paid to complainant said judgment, and certain other indebtedness, charges and expenses therein enumerated, within a certain time fixed by the agreement, it is therein agreed that the complainant " will forthwith sell and re-transfer and deliver to them," according to their respective interests, " the property herein sold, transferred and delivered." It was also provided, that the complainant should not forfeit or lose any lien or right that it might have under its judgment, or executions issued thereon, and that said judgment should remain valid and of force until the time for the re-purchase of said property had elapsed. Under the contract, as the bill avers, the complainant "received a formal transfer of the possession of said property," and one Stokes, who was in the possession thereof at the time of the execution of said agreement, as the special deputy of the sheriff, was continued in the possession thereof and made complainant's agent " to hold and run said business in the dual capacity of agent and deputy sheriff." At the time said agreement was entered into, there were, in addition to other liens, two mortgages on said property outstanding which are described in the bill.

After the right to re-purchase, under said agreement, had been extinguished by lapse of time, and " when complainant was preparing to take the active management and control of the property," Rapier threatened to repudiate the whole transaction, insisting that complainant's judgment, execution and said agreement were fraudulent as against the other creditors of Forsyth & Rapier, and denying complainant's possession of the property ; and thereupon said Stokes, combining with said John L. Rapier & Co., and denying complainant's authority and possession, refused to surrender the property to it. Thereupon, complainant caused an *alias* execution to be issued on its judgment, which was levied by the sheriff on said property, and a sale thereof advertised. But before the sale of the property, the trustees in the two mortgages, at the instance and for the benefit of Rapier, Forsyth and Hodgson, as is alleged by the bill, filed with the sheriff a claim bond, under the statute, and thereupon the sheriff delivered the property to John L. Rapier & Co., who were in the possession thereof when the bill was filed. The bill also avers, that the " building in which said *Register* property is placed, and erected and in which said printing and publishing business had been conducted, and which was generally known as the *Register* building, was formerly the property of said Rapier ; and the use thereof was put into said es-

tablishment for the use of said newspaper business; and the said use of said building was one of the rights, privileges and contracts transferred to complainant in said bill of sale;" that Mrs. Caroline Roper was the owner and holder of a mortgage on said real estate for a large amount, and such mortgage had never been foreclosed; and that after the execution of said agreement, Rapier had executed a deed conveying said property to Stokes, which, as the bill charges, was fraudulent as against complainant and a cloud upon its rights. The bill also alleges other conveyances touching the property in controversy, a statement of which is unnecessary to this report. Forsyth died before the bill was filed. Rapier, Hodgson, the personal representative of John Forsyth, deceased, and the several trustees, mortgagees and others interested in said property under the several conveyances relating thereto, were made parties defendant. The principal relief sought by the original bill was, that the complainant, under said agreement, might be declared to have a subsisting right and title to the said property, real and personal, subject to the several mortgages thereon, and be let in to redeem the same. Rapier interposed a demurrer to the bill, which was overruled, and from the decree overruling the demurrer he appealed, and on that appeal, this court reversed the decree of the court below and remanded the cause.

After the cause was remanded, the bill was amended; and to the bill as amended the appellant demurred, and his demurrer was overruled by the Chancery Court. The character of the amendment will sufficiently appear from the facts stated in the opinion, aided by the foregoing statement of the case as made by the original bill. The grounds of demurrer are also stated in the opinion. From the decree overruling the demurrer to the bill as amended, Rapier appealed, and here assigns the same as error.

HANNIS TAYLOR, for appellant. (No brief came to the hands of the reporter.)

CLARK & CLARK, contra, cited, Rapier v. Gulf City Paper Co., 64 Ala. 330; Floyd v. Morrow, 26 Ala. 353; Rives, Battle & Co. v. Walthall's Ex'rs, 38 Ala. 329; Cain v. Gimon, 36 Ala. 173; Blackwell's Adm'r v. Blackwell, 33 Ala. 58; Ingraham v. Foster, 31 Ala. 123; Freeman on Executions, § 269; Perry Ins. & Trust Co. v. Foster, 58 Ala. 502.

BRICKELL, C. J.—This cause was heretofore before this court on demurrers to the original bill, which had been overruled by the chancellor. It was then decided, that it was as an

assignee or purchaser of and from the mortgagors, the appellee claimed to be let in to redeem the real and personal property, the subject-matter of suit. That the assignment did not pass to the appellee any right or title to the real estate, and, of consequence, the bill was without equity, except so far as it sought an adjustment of the several liens and encumbrances on the personal property, and a sale of it to satisfy them.—*Rapier v. Gulf City Paper Co.*, 64 Ala. 330.

Since, the bill has been amended, the appellee claiming as a judgment creditor to be let in to redeem the real estate conveyed by mortgage to Mrs. Roper, and to avoid, as fraudulent, a conveyance thereof, made by the mortgagor to Stokes, and also a redemption of the personal property from the liens in favor of other parties, to which it is subject; or, if on the facts stated, the appellee is not a judgment creditor, then in the right and capacity of an assignee the adjustment of the liens on the personal property is claimed, and a sale of it to satisfy them.

A demurrer to the amended bill was interposed by the appellant, Rapier, assigning several causes. The first is, that the amendment is a departure from and inconsistent with the original bill, and makes an entirely new case not embraced within that presented by the original bill. Second, that the statements of the amended bill are in the alternative, repugnant to and inconsistent with each other, and the alternative statements do not embrace the same subject-matter. Third, that as a bill by a judgment creditor to redeem lands, the amendment can not be supported, because it is shown there is an unexhausted levy on personal property sufficient to satisfy the complainant's judgment. The demurrer was overruled, and from the decree overruling it, this appeal is taken. We proceed to consider the causes of demurrer in the order in which we have stated them.

1. Prior to the statute (Code of 1876, § 3790), amendments to a bill in equity were allowed only when the bill was found defective in proper parties, in its prayer for relief, or in the omission, or mistake of some fact or circumstance connected with the substance of the case, but not forming the substance itself. No amendment was allowed which was repugnant to, or inconsistent with the purposes and objects of the original bill, or which presented a new case.—1 Brick. Dig. 707, §§ 968–9. As a general rule, the allowance of amendments was not a matter of right—it rested largely in the discretion of the court. Regarded only with reference to the furtherance of justice, the determination of causes upon the merits, the court was liberal in permitting them to cure mere defects of form, or imperfections because of a misjoinder of parties. There was much reluctance in allowing amendments of verified pleadings,

[Rapier v. Gulf City Paper Company.]

so as to vary the facts stated, or to let in new facts. And it was but seldom, that an amendment was allowed after the taking of evidence, introducing facts known to the party, or which, with reasonable diligence, he could have discovered at the time of filing the original pleading.—1 Dan. Ch. Pr. 402, n. 8.

The statute referred to provides: "Amendments to bills must be allowed at any time before final decree, by striking out or adding new parties, or to meet any state of evidence which will authorize relief." The statute in its terms is very similar to the statute authorizing amendments of pleadings in courts of law, and it has been regarded as intending that the rule governing amendments in courts of equity should conform substantially to the rules and practice prevailing in the former courts.—*King v. Avery*, 37 Ala. 169; *Moore v. Alvis*, 54 Ala. 356. And it converts the allowance of amendments from matter of discretion in the court, into a matter of right in the party, if the right is claimed at any time before final decree. *Pitts v. Powledge*, 56 Ala. 147. The right is not unlimited— the party can not by amendment introduce a new cause of action, or vary the statements of fact on which the equity of the bill may depend, so that there would be an essential change in the character of the relief to which he would be entitled. The statute has been subjected to the construction given the statute of amendments in courts of law. There can not be by an amendment an entire change of parties, the substitution of a new cause of action, or a radical departure from the case made by the original bill.—*King v. Avery*, 37 Ala. 169; *Gardner v. Pickett*, 46 Ala. 191; *Leggett v. Bennett*, 48 Ala. 380; *Penn v. Spence* 54 Ala. 35; *Ala. Warehouse Co. v. Jones*, 62 Ala. 550. An amendment working such changes would be in fact a new bill, and this was not contemplated by the statute. The curing by an amendment, at any time before final decree, of a misjoinder or non-joinder of parties is allowed; or if there be the absence of proper allegations to meet the evidence; or if there be a variance between the allegations and evidence, the cause of action and the subject-matter of suit remaining the same, an amendment may be made curing the defects.

The amended bill, as to the redemption of the real estate, abandons the right averred, and departs entirely from the case made by the original bill. As assignee or purchaser of the equity of redemption, by the original bill the right to redeem the real estate was claimed. The assignment was the foundation of the title; it was supposed of itself to confer a right of property—the equity of redemption. No right of property is now claimed; the equity of redemption in the real estate is admitted to remain in the mortgagor except so far as it is clouded or encumbered by the conveyance to Stokes, averred to be

31

fraudulent. Without a right of property—with no title or claim to the equity of redemption; as a mere judgment creditor, the appellee now claims to be let in to redeem, not that the legal estate may be vested in it, but that the property may be subjected to sale for the satisfaction of the judgment. There is, by the amended bill, a radical departure from the case made by the original bill—a new and different right and title preferred, and if relief were granted, it would vary essentially in character from the relief which could have been obtained on the original bill. Such amendments have not been regarded as authorized by the statute, and were not tolerated by the rules of practice prevailing before the enactment of the statute.

2. Bills in equity may be originally filed, or may be amended, so as to present the case of the plaintiff in a double aspect, or, as is usually said, in the alternative. As we have said heretofore, when a bill is so framed, to prevent surprise, the embarrassment of the defendant in making defense, and the inextricable confusion which would follow from blending in one suit distinct causes of action, the rule is strictly observed, that each aspect or alternative must entitle the complainant to the same relief.—*Gorden v. Ross*, 63 Ala. 363; *Ala. Warehouse Co. v. Jones*, 62 Ala. 550; *Micou v. Ashurst*, 55 Ala. 612; *Rives v. Walthall*, 38 Ala. 329; *Thomason v. Smithson*, 7 Port. 144. And if each alternative averment does not entitle the plaintiff to relief, the averments are insufficient.—*Andrews v. McCoy*, 8 Ala. 920; *Lucas v. Oliver*, 34 Ala. 626; *David v. Shepard*, 40 Ala. 587. The precise point of the demurrer to the amended bill in this respect is, that relief is claimed by the appellee as a judgment creditor, or if not entitled as a judgment creditor, because of the extinguishment of the judgment by the agreement which is exhibited, then as a purchaser of the personal property. In other words, that in one aspect, the bill avers a purchase of the personal property in satisfaction of the judgment, and as purchaser asserts title to it, and in the other avers that the judgment was not satisfied, that the transaction shown by the agreement was not a purchase of the property but was intended as security for the payment of the judgme:., and other debts due the appellee, and as a judgment creditor claims relief in respect to the personal property and the redemption of the real estate.

It is apparent from the most casual inspection of the agreement between the parties, that it was not intended the transfer of the personal property should operate as a satisfaction of the judgment, or embarrass or impair the right or remedies of the appellee as a judgment creditor. Security for the payment of the judgment, and all other debts due the appellee was all t. it was contemplated; and such security was intended to be afforded,

[Rapier v. Gulf City Paper Company.]

while the debtors were to be saved from the injury apprehended from a forced sale of the property, the right of redeming by payment of the debts being securred to them. The agreement does, however, clothe the appellee with the legal title to the personal property, subject to the prior liens or mortgages referred to in it. As to the personal property, the right of the appellee as assignee, and as a judgment creditor, the relief which is prayed, and which can be properly granted, do not materially vary; they are substantially the same in either capacity. As we construe the amended bill, it does not aver the payment of the judgment. There is simply a statement of the facts in relation to the transfer of the personal property, and as purchaser or assignee, or as a judgment creditor, or in both capacities, the same relief is prayed. In this respect, we do not regard the demurrer as well taken; as in either right or capacity, as a judgment creditor, or as assignee, the appellee is entitled to the same relief.—*Rives v. Walthall, supra.* So far as the demurrer relates to the introduction into the bill of the appellee's right as a judgment creditor to redeem the real estate, it is not necessary to determine whether a bill may be framed in the alternative, one of which refers to particular property, and the other to property of a different kind or character. Such averments it is rather difficult to regard as alternative; but as the amendment touching the redemption of the real estate was improperly allowed, and as that can not hereafter form a matter of controversy in this suit, we do not consider the question.

3. The effect of an unexhausted levy of execution on personal property, on the right of a judgment creditor to proceed in equity to subject the judgment debtor's equity of redemption in lands, in the view of the case we have taken, is not now involved. The taking of goods in execution by a sheriff, of value sufficient to satisfy the writ, operates a satisfaction generally. But here the personal property levied on was restored to the possession of the defendants in execution, or to the possession of the claimants, on the execution of the bond for the trial of the right of property, and the levy did not operate a satisfaction in whole or in part.—*Crawford v. Bank of Mobile,* 8 Ala. 55; *Leach v. Williams,* 8 Ala. 759.

The first ground of demurrer to the amended bill was well taken, and should have been sustained; the second and third were properly overruled.

Reversed and remanded.