[Collins v. Stix, Kraus & Co.]

# Collins *v.* Stix, Kraus & Co.

*Bill in Equity by Creditors, to set aside Conveyances as Fraudulent.*

1. *Amendment of bill in equity.*—A bill filed by creditors to set aside as fraudulent a conveyance of land by the debtor, which alleges that the conveyance of land and a sale by the debtor of his stock of goods were made at the same time and were both parts of one fraudulent scheme, may be amended by adding the purchasers of the stock of goods as parties defendant, and making the bill one to set aside both the conveyance of the land and the sale of the stock of goods.

2. *Equity pleading; multifariousness.*—A bill filed by creditors to set aside as fraudulent several conveyances made by the debtor at the same time, and alleged to be all parts of one fraudulent scheme, is not rendered multifarious by the joinder as defendants of the several fraudulent grantees who claim different portions of the debtor's property.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

ALEXANDER T. LONDON, and DICKINSON & KERR, for appellants, cited *Mahan v. Smitherman*, 71 Ala. 563; *Semple v. Glenn*, 91 Ala. 245; *Pitts v. Powledge*, 56 Ala. 147; *Rapier v. Gulf City Paper Co.*, 69 Ala. 476; *King v. Avery*, 37 Ala. 169; *Bolman v. Lohman*, 74 Ala. 507; *Johnson v. Durner*, 88 Ala. 580.

CABANISS & WEAKLEY, *contra*, cited *Pitts v. Powledge*, 56 Ala. 147; *Rapier v. Gulf City Co.*, 69 Ala. 476; *Adams v. Sayre*, 70 Ala. 325; *Adams v. Phillips*, 75 Ala. 461; *Jones v. Reese*, 65 Ala. 134; *Handley v. Heflin*, 84 Ala. 600; *Hinds v. Hinds*, 80 Ala. 225; *Russell v. Garrett*, 75 Ala. 350; *Holt v. Wilson*, 75 Ala. 58; *Lehman v. Meyer*, 67 Ala. 396.

WALKER, J.—The purpose of the original bill was to subject to the complainants' demand certain real estate alleged to have been fraudulently conveyed by the debtors, John D. Collins and Julius A. Collins, to Imogene Collins. It was alleged that, on the same day the conveyance of the real estate was made, the debtors also sold and disposed of their entire stock of goods at Warrior, Alabama, to Robert Collins, who is the husband of Imogene Collins, and one

[Collins v. Stix, Kraus & Co.]

Griffith, and "that the sale of said goods and the conveyance of said real estate were all parts of one scheme on the part of said John D. and Julius A. to shuffle out of sight whatever they had, and thus to prevent complainants and their other creditors from collecting what the said John D. and Julius A. so justly owed them." As the purchasers of the stock of goods were not made parties defendant, of course, on the bill as originally filed, no relief could be had as to the property claimed by them. By the amendment to the bill, the purchasers of the stock of goods were added as parties defendant; appropriate averments were made to show the invalidity of that transaction as against the complainants; and the special prayer of the bill was enlarged so as to seek relief against the sale and disposition of both the land and the stock of goods. To the bill, as amended, demurrers were interposed by the several defendants, on the following grounds: "1. Said amendment introduces a new and independent cause of action. 2. The bill as amended is multifarious. 3. The cause of action alleged in the bill as amended, against the defendants Robert A. Collins and B. K. Griffith, has no connection with the cause of action alleged against the defendant Imogene Collins. 4. The bill as amended alleges a new and independent cause of action against the defendants Robert A. Collins and B. K. Griffith."

"Amendments to bills must be allowed at any time before final decree, by striking out or adding new parties, or to meet any state of evidence which will authorize relief."—Code, § 3449. This statute is broad and liberal in its terms, and has been so construed as to further the purpose of its enactment. The result of the statute, as has been stated in substance in numerous decisions, is that it makes the complainant's right to amend unlimited, except that there can not be an entire change of parties, the substitution of an entirely new case, or a radical departure from the case made by the original bill.—*Pitts v. Powledge*, 56 Ala. 147; *Rapier v. Gulf City Paper Co.*, 69 Ala. 476; *Adams v. Sayre*, 70 Ala. 318; *Adams v. Phillips*, 75 Ala. 461. The statute, being quite similar in terms to the statute authorizing amendments of pleadings in courts of law, has been regarded as evidencing a legislative intention that the rule governing amendments in courts of equity should conform substantially to the rules and practice prevailing in courts of law.—*King v. Avery*, 37 Ala. 169; *Rapier v. Gulf City Paper Co.*, supra. The decision in *Mahan v. Smitherman*, 71 Ala. 563, marks the limit of the right to amend in an action at law. The original complaint in that case was on a promissory note for fifty

dollars. The trial court refused to permit an amendment introducing three common counts, each claiming $87.67. This action was sustained on appeal, on the ground that there was nothing in the record to authorize the presumption that the common counts were not intended to present new causes of action wholly separate and distinct, and growing out of an entirely different transaction from that presented by the original complaint, counting only upon the note. For anything that appeared, the claims sought to be set up by the common counts may have had no connection whatever with the claim on the note originally sued on. If so, the amendment would have involved a radical departure from the case made by the original complaint. This court has expressed its unwillingness to extend that decision beyond the facts of the case, or substantially the same facts. *Semple v. Glenn*, 91 Ala. 245–258. The extent of the decision in *Mahan v. Smitherman* was to deny the right to make an amendment which involves the substitution of an entirely new cause of action—an entire departure from the case originally presented. It was fully conceded in the opinion that an amendment may serve the purpose of narrowing or enlarging the same cause of action in varying forms to meet varying aspects of the one transaction as it may be disclosed by the evidence. It has been recognized since the statute was first considered by the court that it is no objection to an amendment that it asserts new matters or claims varying the forms of the defendant's liability growing out of the same transaction, or varies the description of that transaction, or enlarges the degree of relief sought against the original defendant, or brings in new parties chargeable with liability in reference to the same matter. *King v. Avery, supra; Jones v. Reese*, 65 Ala. 134; *Dowling v. Blackman*, 70 Ala. 303; *Bolman v. Lohman*, 74 Ala. 507.

An amendment is regarded as making a new and different case when it changes the right and character in which the complainant sues, or varies substantially the kind of relief prayed.— *Ward v. Patton*, 75 Ala. 207; *Glass v. Glass*, 76 Ala. 368; *Scott v. Ware*, 64 Ala. 174. But an amendment can not be regarded as involving a substitution of an entirely new case, or radical departure from the case made by the original bill, when it goes no further than to add new parties defendant, to allege that they were participants with the original defendants in the act or transaction which furnished the cause of complaint as first made against the latter, and to pray for substantially the same kind of relief against all the defendants. Such an amendment merely enlarges the

[Collins v. Stix, Kraus & Co.]

scope of the same suit as to subject-matter and parties This is the nature of the amendment which was allowed in the present case. The subject-matter of the suit—the fraudulent disposition of the debtors' property—and the relief sought—the vacation of the fraudulent transaction and the enforcement of the payment of the complainants' demands out of the property or the proceeds of its sale in the hands of the fraudulent transferees—continued the same, and the same defenses are applicable.—*Johnson v. Durner*, 88 Ala. 580. The amendment merely made the suit cover the whole of the transaction instead of only the part of it which was embraced by the original bill.

The amendment did not render the bill multifarious by bringing about the result of a joinder as defendants of several fraudulent grantees or donees who claim different portions of the debtors' property by distinct conveyances. Where the object of the suit is single, as here, in seeking the satisfaction of the complainants' demand out of the debtors' property, which is alleged to have been fraudulently conveyed, it is no objection that the different defendants have separate interests in distinct and independent questions, provided they are all connected with, and arise out of the single object of the suit.—*Handley v. Heflin*, 84 Ala. 600; *Hinds v. Hinds*, 80 Ala. 225; *Russell v. Garrett*, 75 Ala. 348; *Randle v. Boyd*, 73 Ala. 282. A fraudulent grantee can not complain that he is joined with other fraudulent grantees among whom the debtor has scattered the various parcels of his property in the execution of his scheme to hinder, delay or defraud his creditors. It would greatly aid in the accomplishment of the fraudulent purpose if the defrauded creditor was forced to bring a separate suit to follow each parcel in the hands of the person who had wrongfully acquired it. It is necessary for the due protection of creditors that they be enabled to attack the whole fraudulent scheme in one suit.

The conclusion from the foregoing considerations is that the demurrers were not well taken. The decree overruling them will be affirmed.

Affirmed.