THE PEOPLE OF THE STATE OF ILLINOIS EX REL. CLARENCE L. CRYMBLE

v.

OLIVER H. HORTON.

*Mandamus—Refusal to Sign Certificate of Evidence—Contempt.*

1.  A party can not be deprived of an opportunity to appear, defend and appeal from any proceeding against him because he is in contempt, and in so doing he is entitled to all the rights of any other defendant.

2.  While, under our statute allowing defendants to plead as many matters of fact as they may think necessary to their defense, several distinct defenses may be set up in an answer to a petition for a writ of mandamus, yet such defenses must be consistent, for the answer must upon its face appear to be entirely true.

3.  The return to a writ of mandamus should not be in general terms,

without alleging specifically the facts relied upon, nor should it be argumentative or evasive. Greater certainty is required in a return than in an ordinary plea in bar, and every intendment is made against returns which do not answer important facts.

4. It is not sufficient for a judge in refusing to sign a certificate of evidence to answer that the certificate presented did not contain all the evidence, but with reasonable certainty the evidence omitted should be pointed out, in order that the court from which the writ has issued may shape its order to meet the emergency.

5. A party has not only a right to a bill of exceptions, or a certificate of evidence, but he has a right to the assistance of the court, if necessary, to enable him to prepare and present a true and complete bill or certificate. If papers used in evidence are in possession of the complainant, who refuses to produce them, the defendant is entitled to an order of court requiring their production, in order that they may be copied and embodied in the certificate.

6. The relator in the case presented is entitled to have signed a true certificate of the evidence. As to what constitutes a true certificate the respondent herein must decide.

[Opinion filed December 8, 1892.]

Petition for mandamus.

MR. CHARLES T. FARSON, for appellants.

Messrs. RICH & STONE, for appellee.

MR. JUSTICE WATERMAN. In this cause it appears that on the second day of March, 1892, in a suit against the relator, by his wife, Emma J. Crymble, a decree for separate maintenance was entered by the Circuit Court, in and by which decree certain sums were allowed to the complainant therein as alimony, and the defendant, Clarence L. Crymble, was ordered to pay $100 as solicitor's fees, in monthly installments of $25 each, beginning with the date of the entry of the decree. It further appears that at the same time the said defendant was allowed sixty days within which to prepare and file a certificate of the evidence in the said cause, in which said decree and order had been made.

Thereafter, on the seventeenth day of March, an order was entered by the Circuit Court, that said defendant show

cause by the following Tuesday why he should not pay to the said complainant the alimony and solicitors' fees ordered as aforesaid. Upon the eighteenth day of the following April, the said defendant tendered to the judge of said Circuit Court, the Honorable Oliver H. Horton, before whom said separate maintenance proceedings had been had, a certificate of evidence in said cause, and asked that the same be approved and signed as such certificate.

An attachment against the said defendant for non-compliance with the aforesaid order to pay alimony and solicitors' fees, was on the same day issued by said Circuit Court, and the application to the court to sign the said certificate of evidence was continued to the 25th day of April. Upon the last named day the court refused to sign the certificate of evidence so presented to him by the said defendant.

A writ of error having been sued out of this court by said defendant to reverse said decree, and said suit in error being now pending in this court, upon the application of the plaintiff in said proceeding in error, an alternative writ of mandamus was issued by this court to the said Oliver H. Horton, judge of said Circuit Court, requiring him to show cause why a peremptory writ commanding him to sign said certificate of evidence should not be issued.

In his answer to the alternative writ, the respondent says that he " denies that the said certificate of evidence was in a due and proper form, and that it contained all of the evidence given upon the hearing of said cause, but that said certificate was faulty and not in due form, and did not contain all of the evidence, and that the petition filed herein admits that the certificate of evidence so presented was imperfect and not a complete certificate of evidence."

" That he admits it to be his duty, as one of the judges of said Circuit Court, to sign and approve a proper certificate of evidence in said case when such an one is presented to him, * * * but that at no time has such a certificate of evidence been presented to him."

The respondent further answering says " that at the time the said imperfect certificate of evidence was presented to

him, the said petitioner was in contempt of said court, and that an attachment had been issued against said petitioner for non-compliance with the orders of said court in said cause, and that he, the said defendant, refused to approve and sign the said certificate of evidence for the reason, among others, that he, the said petitioner, was in contempt of said court."

The petition for a writ of mandamus sets forth that the respondent refused to examine or approve the said certificate of evidence presented to him, upon the sole and only ground that the petitioner was then and there in contempt of the said Circuit Court because of his failure to obey the orders thereof relative to the payment of alimony and solicitors' fees, and directed the counsel for complainant to prepare a formal order to that effect.

That thereafter, on the 2d day of May, 1892, an order was entered by the said Circuit Court, which recited that the defendant had disregarded the decree of the court as to the payment of alimony and solicitors' fees, and it appearing that the said defendant had presented to the court a certificate of evidence in said cause and requested the court to approve and sign the same, and it further appearing that on account of the default of the said defendant in the payment of the money as aforesaid, and of his being in contempt of the court, the court has heretofore refused to read said certificate of evidence or accept, sign or approve of the same, " It is ordered, adjudged and decreed that the motion or request of the defendant be denied, and the court doth hereby, on account of the failure of said defendant in complying with the orders and rules of this court relating to the matters aforesaid, and on account of said defendant being in contempt of this court, refuse to read, approve or sign the said certificate of evidence, as presented by said defendant."

That such an order was made is not denied, and the statement in the answer that at no time has a proper certificate of evidence been presented, and that the petitioner so admits by the petition filed in this cause, must refer to

the allegation in the petition that the certificate of evidence presented contained all the evidence " except some exhibits which were withheld by the complainant in said cause."

Whatever doubt may have at one time existed as to the right of a party in contempt to appear and make a defense and to insist upon his rights as a defendant, it is settled that in this State a party can not be deprived of an opportunity to appear, defend and appeal from any proceeding against him, because he is in contempt, and that in so doing he is entitled to all the rights of any other defendant.

In the case of Gordon v. Gordon, the court struck out the answer of the defendant because of his failure to pay temporary alimony, as ordered. This was held in 41 Ill. App. 137, and 30 N. E. Rep. 446, to have been unwarranted.

In Haldane v. Eckford, Law. Rep., 7 Eq. 425, the vice-chancellor said that although the contempt committed by the defendants had been of the most flagrant kind, yet as what they asked was " for the purpose of defending themselves, he had no jurisdiction to refuse the order."

In The People ex rel. v. Prendergast, 117 Ill. 588, a peremptory writ of mandamus was issued, commanding the respondent to grant to the relator an appeal from a decree rendered against him, notwithstanding he was in contempt when his prayer for an appeal was made. See also Hazzard v. Durant, 11 R. I. 195, 198, 201; Johnson v. Superior Crt., 63 Cal. 578; Rickets v. Mornington, 7 Sim. 200; Bickford v. Skewes, 10 Sim. 193.

In the case under consideration the defendant wished for a certificate of evidence for the purpose of defending himself against an application for separate maintenance brought against him; had the suit been at his instance, and in such suit he, acting as one asking for relief, had been in contempt, a different question would have been presented. So, too, the present case is to be distinguished from that in which the contempt of a defendant consists in his refusing to personally be in and before the court, and he then, still refusing to appear, asks that counsel may be permitted to come in his stead and make a defense for him.

The People v. Horton.

The statement in the answer, that the respondent is ready to sign and approve a proper certificate of evidence in said case, is entirely inconsistent with the answer that one of the reasons for refusing to approve the certificate presented was that the petitioner was then in contempt of said court.

While, under our statute allowing defendants to plead as many matters of fact as they may think necessary to their defense, several distinct defenses may be set up in an answer to a petition for a writ of mandamus, yet such defenses must be consistent, for the answer must upon its face appear to be entirely true. High on Extraordinary Remedies, Sec. 463; Ex parte Candel, 48 Ala. 386; Angell & Ames on Corporations, Sec. 721; Regina v. Mayor of Norwich, Ld. Raymond, 1244; King v. Mayor of York, 4 T. R. 699; King v. Mayor of Cambridge, 2 T. R. 456; Wood on Mandamus, 45; Queen v. Mayor of Pomfret, 10 Mod. Rep. 108.

Nor is it a sufficient answer to say that no proper certificate of evidence was presented to the respondent. The return to a writ of mandamus should not be in general terms, without alleging specifically the facts relied upon, nor should it be argumentative or evasive. High on Extraordinary Remedies, 467; Wood on Mandamus, 44; The People ex rel. v. Ohio Grove, 51 Ill. 191.

Greater certainty is required in a return than in an ordinary plea in bar. Tapping on Mandamus, 352, 370; Moses on Mandamus, 210; The People ex rel. v. Ohio Grove, supra.

Every intendment is made against returns which do not answer important facts. The People ex rel. v. Kilduff, 15 Ill. 492; The People ex rel. v. Ohio Grove, supra.

It is not sufficient to merely answer that the certificate presented did not contain all the evidence, but with reasonable certainty the evidence omitted should be pointed out, in order that the court from which the writ has issued may shape its order to meet the emergency. Regina v. Ipswich, 2 Ld. Raymond, 1239; 2 Salkeld, 435; The People ex rel. v. Salomon, 54 Ill. 39, 44.

A party has not only a right to a bill of exceptions, or a

certificate of evidence, but he has a right to the assistance of the court, if necessary, to enable him to prepare and present a true and complete bill or certificate. If papers used in evidence are in the possession of the complainant, who refuses to produce them, the defendant is entitled to an order of court, requiring the production of such papers, in order that they may be copied and embodied in the certificate. The People ex rel. v. Williams, 91 Ill. 87–91; The People ex rel. v. Gary, 105 Ill. 264–271.

The relator is entitled to have signed a true certificate of evidence. As to what constitutes a true certificate, the respondent must decide.

The demurrer to the answer will be sustained and a peremptory writ issued requiring the respondent to sign a true certificate.

*Peremptory writ issued.*