# Prestwood *et al. v.* Troy Fertilizer Co.

### *Bill in Equity to set aside Conveyance for Fraud.*

1. *Fraudulent conveyance from husband to wife.*—A conveyance by a husband who is a debtor, to his wife for an inadequate consideration, with the intent on the part of both to hinder, delay or defraud the husband's creditors, is fraudulent and void against subsequent, as well as existing creditors.

2. *Equity pleading and practice; amendments; appeal.*—Where a bill in equity is amended, and a demurrer to it, upon the ground that there was no foot note to the amendment, as required by Rule 11 of Chancery Practice (Code of 1886, § 812), is overruled, such decree will be affirmed on appeal, where it does not appear from the record what was the character of the amendment; whether it was made by a separate paper filed in the cause, or by interlineations—the latter mode of amendment not requiring a foot note.

APPEAL from the Chancery Court of Coffee.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellee against the appellants, to set aside as fraudulent a certain con-veyance executed by F. M. Prestwood, a debtor of the complainant, to the defendant, Georgia A. Prestwood, who was his wife. The bill was amended, but in mak-ing this amendment the complainant put no foot note to

the amendment. To the amended bill the respondents demurred, among others, upon the ground that there was no foot note to the amended bill. The court overruled each ground of the demurrer, and from this decree the present appeal is taken, and the rendition thereof is here assigned as error.

HUBBARD & HUBBARD and P. N. HICKMAN, for appellant, cited *O'Neal v. Robinson*, 45 Ala. 529.

PARKS & HARMON, *contra*, cited *Alabama Warehouse Co. v. Jones*, 62 Ala. 550.

HEAD, J.—The bill shows that the deed assailed for fraud was executed by F. M. Prestwood, the debtor, to his wife, Georgia A. Prestwood, upon a recited valuable consideration of $5,000, which was, in whole or in large part, simulated, and with the actual intent on the part of both the grantor and the grantee to hinder, delay or defraud creditors of the grantor. These facts, if true, rendered the deed fraudulent and void as against subsequent, as well as existing creditors.

There are, in our practice, two modes of amending bills in chancery—one by a separate paper filed in the cause, and the other by interlineation, in a different colored ink from the body of the bill. It is certain that the latter mode of amendment does not admit of a foot note required by Rule 11 of Chancery Practice, whatever might be thought of the application of that rule to an amendment made on a separate paper. The abstract does not inform us how the amendment, which is objected to by demurrer for the want of a foot note, was made. It may have been by interlineation.—See *Ladd v. Smith*, 107 Ala. 506; *Warehouse Co. v. Jones*, 62 Ala. 550.

There is no error in the ruling of the chancellor, and the decretal order is affirmed

Affirmed.