## JOSÉ ROMERO FERNANDEZ, Complainant,

*v.*

## ELIAS B. WILCOX ET AL., Dfts.

San Juan Equity, No. 996.

### FRAUD AND MISTAKE.

Equity—Amendment.

    1. Where a case has been long before the court an amendment from fraud to mistake will be allowed, the remedy sought being the same, and the change amounting to suing in a double aspect.

Mistake of Law—Attorney.

    2. Where a client acts in reliance upon his attorney, the attorney cannot set up that there was a mistake of law.

Mistake of Law—Equitable Assignments.

    3. Where a fund is still in hand, the court will enforce the rule that assignments non-negotiable claims take subject to the equity of the case.

NOTE.—The question of relief from mistake of law as to effect of instrument, is discussed in a note in 28 L.R.A.(N.S.) 785.

Fernandez v. Wilcox.

Mistake of Law—Estoppel of Assignor.
    4. The assignor is not estopped from setting up defects if he acted under an excusable mistake of fact.

Opinion filed May 3, 1919.

———————

Mr. H. R. Francis for plaintiff.

Mr. Charles Hartzell and J. R. F. Savage for defendants.

HAMILTON, Judge, delivered the following opinion:

The amended bill of complaint in this case was filed by plaintiff after the court had decided that some allegations of the bill were not proved, but suggestion was made that the court would hear the case as to a judgment of $2,643 in this court paid by plaintiff to one Olmedo. A motion is now made to dismiss the amended bill because it does not disclose a cause of action cognizable in equity, the amended bill setting forth no new facts affecting the assignments by Wilcox to certain defendants.

This case has been long before the court and the facts already are well established. It would be important for all concerned to have the litigation disposed of as soon as possible. The bill in this case sought to set aside a limitation between plaintiff and defendant E. B. Wilcox dated January 15, 1917, whereby a half interest in a judgment recovered by the plaintiff at the instant through defendant Wilcox, as his attorney, was recognized as belonging to said attorney. The bill sought to set this

Fernandez v. Wilcox.

aside and afterwards be recognized as restoring a previous contract between the parties, dated December, 1912, under which a certain amount was agreed upon in full of all counsel fees. The result of the pleadings as they stand under the amended bill is that the plaintiff seeks to have deducted from the amount coming to E. B. Wilcox or his assigns the $2,643 recovered by Olmedo under a judgment dated July 12, 1917, being on a suit brought by Olmedo after the second contract of 1917 between plaintiff and defendant, and which was not taken into account or contemplated in any way in said second contract.

1. The contention of the defendant is that the original bill having been to set aside the contract of 1917 as fraudulent, and the court having found out that the bill was not fraudulent but made by both parties in good faith, the bill cannot be amended so as to eliminate from the settlement of 1917 an amount of money previously paid. The argument is that this would be a departure not allowable under any theory of amendment. It may well be that the pleadings could be in a more satisfactory condition, but the case has been so long before the court that there can be no element of surprise, and justice would seem to require getting at the equity of the case rather than at accuracy of formal expression.

The effect of the amended bill is to change the suit from one setting up fraud to one setting up mistake as to the Olmedo matter. This amounts to doing by amendment what could be done by an original allegation in the alternative. Caldwell v. King, 76 Ala. 149. A bill may be filed in a double aspect, alleging entirely different facts, provided only that the relief sought by the plaintiff be substantially the same. Rapier v.

Gulf City Paper Co. 69 Ala. 476; Moog v. Talcott, 72 Ala. 210; Lehman v. Meyer, 67 Ala. 397.

In the case at bar whether the Olmedo matter was charged up against defendant and the amount given to plaintiff under the theory of fraud or under the theory of mistake would make no difference in the result. The plaintiff in either of the cases would get the benefit of $2,643 wrongfully acquired by defendant Wilcox. It is not conceived that there is any injustice in proceeding upon the pleadings as furnished, seeing that they will produce the same result.

2. It is contended, however, that the mistake of Romero was one of law, that is to say, he did not think that he was liable to Olmedo when in point of fact the court upon suit brought decided that he was. Money paid under a mistake of law cannot be recovered, for everybody is supposed to know the law. Nevertheless even when a man under a mistake of law gives up a right of property which he would not have given up except for such misapprehension, and the property goes to a person who could not in conscience retain the property in question, a court of equity will grant relief (2 Pom. Eq. Jur. § 849). See 28 L.R.A.(N.S.) 785. In the case at bar it is perhaps even stronger, as it cannot be said, that Romero turned over to Wilcox $2,643 through mistake of law. He turned it over to Wilcox on the assumption that it belonged to Wilcox and did not belong to Olmedo, and in this he acted upon no theory of law, but in confidence in his legal adviser Wilcox. It would be impossible to consider this a mistake of law of which the attorney could take advantage.

3. It is contended, however, that the court has decided the assignments in this case to be valid, and that it cannot now

allow the plaintiff to recover the Olmedo amount without taking it away from the assignees. The court, however, expressly declined to make any decree in favor of the assignees. It held that so far as E. B. Wilcox had a right to assign, it found he had assigned to the several claimants in the main suit. The fund is still in court, no order has been made to pay it out. Indeed, there are no pleadings presented by the assignees for that purpose in this suit.

The general rule is that assignees of non-negotiable claims take subject to the equity of the case. 3 R. C. L. 629; Williams v. Neely, 69 L.R.A. 232, 67 C. C. A. 171, 134 Fed. 1.

It is quite true that an assignee will not be subject to defects arising from the transaction if the assignor has himself acted in such a way as to make the assignee suppose that the assignment is good. This arises under the principles of estoppel. Davis v. Bechstein, 69 N. Y. 440, 25 Am. Rep. 218; 2 R. C. L. 632. It cannot be said, in view of the facts of this case, that Romero should be estopped from setting up the validity of the assignments, reacted under as mistake of fact, which was excusable to say the least.

It follows, therefore, that the amended complaint is not subject to the objections urged against it, and the motion to dismiss is denied.

It is so ordered.