### SARAH SIMONDS *vs.* FRANKLIN SIMONDS.

A special statute of the state of Maine, authorizing the supreme judicial court of that state in its discretion, to decree a divorce between individuals named, is unconstitutional, as granting a special indulgence by way of exemption from the general law.

LIBEL filed in September 1869, for a divorce from the bond of matrimony for the cause of the adultery of the libellee; heard by *Ames*, J., who reported for the determination of the full court the case which is stated in the opinion.

*J. W. Pettengill*, for the libellant.

*H. G. Hutchins*, for the libellee.

CHAPMAN, C. J.    The parties having been married in this Commonwealth, and having lived here as husband and wife, the libellant, in October 1863, filed a libel for divorce against this libellee for the cause of cruelty and ill treatment, and in the following November obtained a divorce from bed and board.    In March 1864 he removed to the state of Maine, and has ever since resided there.    In November 1867 he there married one Georgiana A. Mason, and lived and cohabited with her as his wife till her decease in September 1868.    This sufficiently proves the allegation of his adultery, unless he establishes a valid justification of his acts.

He alleges that, before this marriage, he filed a libel for divorce against the present libellant, and procured an order of notice upon her to appear and answer thereto ; that the notice was served upon her, but she made default, and that, at the April term 1867, a divorce was granted to him from the bonds of matrimony, on the allegation that she, in 1860, without cause, utterly deserted him, and since then refused to cohabi with him, and frequently threatened his life.    We understand that, by the General Statutes of Maine, the court had no au thority to grant the divorce, the parties not having been married there, nor having lived together there, and the cause of divorce not having occurred there.    *Calef* v. *Calef*, 54 Maine, 365.

It is not contended that the court had such authority.    But the legislature of Maine passed a special act, on the 27th of

February 1867, entitled " An act in relation to the divorce of Franklin Simonds," which is as follows: " The supreme judicial court is hereby authorized and empowered in its discretion to decree a divorce from the bonds of matrimony between Franklin Simonds of Westbrook in the county of Cumberland and state of Maine, and Sarah Simonds of Malden and Commonwealth of Massachusetts, at any term of said court for the trial of civil actions holden for said county of Cumberland." Maine St. of 1867, *c.* 368.   Under this act he filed his libel, and the court granted the divorce.   If the existing decree, which was passed in this court the preceding year, when both parties were within its jurisdiction, and which of course justified the wife in living separate from her husband, was made known to the legislature or to the supreme judicial court of Maine, it must have been treated as a nullity.   But this is not to be supposed.   It must be presumed that Simonds fraudulently concealed the fact.

But we do not understand that by the laws of Maine, laying aside the question of fraud, the statute had any validity.   In *Lewis* v. *Webb*, 3 Greenl. 326, a special act had been passed, authorizing in a particular case an appeal from a decree of the judge of probate ; no appeal being allowable under the general law of the state at that time.   This law was held to be unconstitutional, and Chief Justice Mellen says : " On principle, then, it can never be within the bounds of legitimate legislation to enact a special law, or pass a resolve, dispensing with the general law in a particular case, and granting a privilege and indulgence to one man by way of exemption from the operation and effect of such general law, leaving all other persons under its operation." ib. 336.   He cites the case of *Holden* v. *James*, 11 Mass. 396, in which it was held that the legislature had no constitutional right to suspend the statute of limitations in favor of one or more individuals, leaving it in force as a general law.   In *Durham* v. *Lewiston*, 4 Greenl. 140, the court reaffirmed the principle stated in *Lewis* v. *Webb*, and applied it to a legislative resolve authorizing a party to prosecute a writ of review.

In 1840 a legislative request was made to the justices of the supreme judicial court of Maine to give their opinions on the

question whether the legislature have the power to grant di-vorces in cases where the court have jurisdiction; and also on the question whether they have the power in cases where the court have no jurisdiction. It was held that, in the first case, the legislature have not the power, but have it in the second case. *Opinion of Justices*, 16 Maine, 479. See also *Adams* v. *Palmer*, 51 Maine, 480.

The divorce in this case does not purport to be a legislative act, but a judicial decree under the authority of a special stat-ute, applying to a single case, and therefore unconstitutional. This being so, it is not necessary to inquire whether, if it were regarded as a valid divorce in Maine, it would have any validity in this Commonwealth. The libellant is entitled to a decree of divorce from the bond of matrimony for the adultery of her husband. · *Divorce granted.* ·