Gordon v. Gordon.

## George B. Gordon

### v.

## Ada E. Gordon.

*Divorce—Practice—Contempt.*

1. Error without injury, is no ground for reversal.

2. A person guilty of adultery is not entitled to a divorce upon the same ground, and the belief of such party in his own innocence does not change the legal character of the act.

3. Failure to pay temporary alimony by a husband pending the progress

of proceedings for a divorce instituted by his wife, will not justify the striking of his answer from the files.

[Opinion filed June 25, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. H. J. KENDIG, for appellant.

Mr. JOSEPH WRIGHT, for appellee.

GARY, J.   This case is an unhappy sequel of the events narrated in Beattie v. People, 33 Ill. App. 651, and People v. Beattie, decided by the Supreme Court in May, 1891.   The decree of divorce there mentioned entered May 28, 1887, was afterward on the 13th of April, 1889, set aside, and the bill in that case then dismissed.   September 19, 1889, she filed this bill, and on it obtained the decree appealed from December 4, 1890.   Two questions arise on this record: one as to practice in chancery, and the other as to the practice of men and women who trust to decrees of divorce to justify their subsequent conduct.

Temporary alimony had been awarded during the progress of the present case, which the appellant did not pay, and for his failure the court struck out his answer.   Although this was error, as will soon be shown, it might be disregarded in this case, as the court immediately appointed the counsel of the appellant *amicus curiæ*, and the appellant remained in court during the hearing.   It is a fair inference that he was not precluded by the action of the court from presenting any defense, whether as to his own innocence, or by recrimination. Error without injury is not ground for reversal.

We said this the last time so far as reported, in Butler Paper Co. v. Regan Printing Co., 35 Ill. App. 152.   The appellee cites Gant v. Gant, 19 Humph. (Tenn.) 464; Mussina v. Bartlett, 8 Porter (Ala.), 277; Walker v. Walker, 82 N. Y. 260; Brisbane v. Brisbane, 67 How. Pr. (N. Y.) 184, and Saylor v. Mockbie, 9 Iowa, 207, as authorities justifying the striking out the answer.   They do, if they are to be followed.

The first reflection, in considering whether they should be

Gordon v. Gordon.

followed, is, that the practical effect is, that to the statutory grounds for divorce the courts may add non-payment of temporary alimony; for if the court may strike out the answer, it may refuse to hear anything in reply to the case that a complainant may falsely present. With sufficient recitals in the decree, and a certificate of evidence refused to the party in contempt, wife, children and property might all go as a penalty for not paying temporary alimony.

In Hawk v. C., B. & N. R. R., 27 N. E. 450, the Supreme Court considered a practice by which the Appellate Courts might "arbitrarily cut off all right of review" indefensible. But even with a right of review, injustice should not be done, nor a practice adopted which leads toward it.

The Court of Appeals in New York, in Brinkley v. Brinkley, 47 N. Y. 40, seems once to have appreciated the consequences of placing a party "too much at the mercy of the court," and recognized the doctrine, "that the rule that one in contempt will not be heard, applies only to matters of favor, and that though adjudged to be in contempt, the party will be heard on matters of strict right;"   *   *   *   "it is his right to take measures to protect himself."

In Haldane v. Eckford, Law Rep., 7 Eq. 425, the vice chancellor said, that although the contempt committed by the defendants had been of the most flagrant kind, yet, as what they asked was "for the purpose of defending themselves, he had no jurisdiction to refuse the order." And see Rickolds v. Mornington, 7 Simons, 200; King v. Bryant, 3 Mylne & Craig, 191; Wilson v. Bates, Ibid. 197; Rapalje on Contempt, Sec. 135.

On the other branch of the case the appellee is in a most unfortunate predicament. Twice she has married Wilson, once before, and once after the decree of May 28, 1887. That decree is gone. The ground of her present bill is adultery by the appellant. If she is guilty of the same offense, she can have no divorce. Sec. 10, Chap. 40, R. S., Divorce.

Sexual intercourse with Wilson as well before as after the former decree, is confessed. Her belief of her own innocence does not change the legal character of the act. If he were innocent it would entitle him to a divorce. Leith v. Leith,

39 N. H. 20; Flower v. Flower, 42 N. J. Eq. 152; Simonds v. Simonds, 103 Mass. 572. And it is a bar to her bill. Moors v. Moors, 121 Mass. 232.

The decree must be reversed and the cause remanded with directions to the Superior Court to dismiss the bill of the appellee at her costs.

*Reversed and remanded.*