## Katerina Kripner v. Rad Lincoln, C. S. P. S., etc.

1. PLEAS—*Striking from Files.*—Where a defendant filed a plea of the general issued verified, and on the trial testified positively that he did not sign the verification, on motion of plaintiff's counsel, the court struck it from the files. This was held error, as the defendant was entitled to have it stand as an unverified plea, and to make any defense under it admissible under the general issue.

2. PRACTICE—*Where Defendant Admits Execution of Note.*—Although a defendant admits the execution of a promissory note, he will be permitted to deny that, as executed, it became his personal obligation without a verified plea.

3. PROMISSORY NOTES—*Presumptions as to Execution of Signatures.*—A signature at the bottom of a note, on the right hand side, is *prima facie* evidence that it was affixed there in the character of maker, while the same signature at the left hand side furnishes equally satisfactory evidence that it was placed there as a witness to the instrument.

Memorandum.—Assumpsit. Error to the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed March 26, 1894.

The opinion states the case.

JONES & LUSK, attorneys for plaintiff in error.

J. F. KOHOUT, attorney for defendant in error.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

Judgments by confession were entered against the plaintiff in error, and two others, as maker of two promissory notes.

The notes and powers of attorney to confess judgment were substantially alike except as to amounts and dates. The one earliest in date was as follows:

$100.                      Chicago, August 18, 1893.

One year after date, we jointly and severally promise to pay to Rad Lincoln, Cis. 52, C. S. P. S., or order, the sum of $100, with interest at the rate of six per cent per annum, payable after date, annually.

Value received.

                                   Matej Kripner,
Katerina Kripner.                  Martin Kripner.

Know all men by these presents, that, whereas, the subscribers, Matej Kripner and Martin Kripner, are justly indebted to Rad Lincoln, C. 52, C. S. P. S., upon a certain promissory note, bearing even date herewith, for the sum of $100 and no cents, made payable to said Rad Lincoln, Cis. 52, C. S. P. S., or order, and due one year after date thereof.

Now, therefore, in consideration of the premises, and of the sum of $1, to us in hand paid by the said Rad Lincoln, Cis. 52, C. S. P. S., the receipt whereof is hereby acknowledged, we do hereby make, constitute and appoint Adolph Kraus, or any attorney in any court of record, to be our true and lawful attorney, irrevocable, for us and in our names, place and stead, to appear before any court of record, in term time or vacation, in any of the States or Territories of the United States, at any time after maturity, to waive service of process, and confess a judgment in favor of the said Rad Lincoln, Cis. 52, C. S. P. S., or his or their assignees, upon the said note for the above sum, or for as much as appears to be due according to the tenor and effect of said note, with interest thereon, together with costs; also for $10 attorney's fees, to be added to the amount due on entering

up judgment; also to file a cognovit for the amount that may be so due, with an agreement therein that no writ of error or appeal shall be prosecuted upon the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operation of such judgment, and to release all errors that may intervene in the entering up of such judgment, or issuing execution thereon, and also to consent to immediate execution upon such judgment, hereby ratifying and confirming all that our said attorney may do by virtue hereof.

Witness our hands and seals this 18th day of August, A. D. 1883.

In the presence of        MATEJ KRIPNER,    [SEAL.]
    CHAS. DRABEK.        MARTIN KRIPNER,    [SEAL.]
                         KATERINA KRIPNER.

Afterward, leave was given to Martin Kripner and Katerina Kripner to plead in said causes—the judgments to stand as security—and pleas were filed.

She pleaded the general issue verified, and a special plea. To the special plea a demurrer was sustained, and the cause went to trial on the plea of Katerina Kripner, as sole defendant, of the general issue verified, the other defendants having died in the meantime.

The verified general issue put the execution of the notes in issue, and testimony on the part of the plaintiff was heard on that issue, and such testimony had some slight tendency, also, to show that she had previously admitted her liability on the notes, as a maker of them.

The defendant, Katerina Kripner, the plaintiff in error in this court, testifying in her own behalf, denied that she signed the notes, or had ever admitted her liability on them. Then, on cross-examination, she was shown what purported to be her signature to the verification of her plea of the general issue, and asked if that was her signature.

After answering that she could not see it, and that she had not her spectacles with her, she testified that she did not sign anything; that she did not know whether the signature was hers or not, and that she had not signed her

name to any paper since she sold her house ten years ago. And, on re-examination by her counsel, she testified positively that she did not sign the verification.

Thereupon, on motion of plaintiff's counsel, the court struck her verified plea of non-assumpsit from the files. Thereupon her counsel moved for leave to verify the plea then and there, which was denied, and the court, refusing all instructions offered by either party, directed the jury to bring in a verdict for the plaintiff for the amount of the principal and interest of the notes, and judgment was entered on such verdict.

It was error to strike the plea from the files. The defendant was entitled to have her plea stand as an unverified one, and thereunder to make any defense open to her under an unverified plea of the general issue.

While it is apparent that the defendant is an ignorant woman, and advanced in years, and quite likely, testified recklessly, although testifying, as she did, through an interpreter, it is not improbable that she testified mistakenly; her testimony would have afforded justification for striking out the verification of her plea, but did not justify the order striking the plea itself from the files, which was, in effect, visiting punishment upon her, a thing the court could not do, notwithstanding her derelictions. Gordon v. Gordon, 141 Ill. 160; Ibid. 41 Ill. App. 137.

The plea of the general issue unsworn to, would have enabled her to show that she was not bound by the notes, although it would not have enabled her to deny their execution.

Although a defendant shall admit the execution by himself of a promissory note he will be permitted to deny that, as executed, it became his personal obligation, and this without a verified plea. Frankland v. Johnson, 147 Ill. 520; Stevenson v. Farnsworth, 2 Gil. 715.

It will be observed by looking at the note and warrant of attorney copied above, that Matej Kripner and Martin Kripner affixed their names on the right hand side of the bottom of the instrument, and that the name of the plaintiff

in error, Katerina Kripner, is placed on the left hand side of the bottom.

It will be further seen that, although the three names are affixed in the usual place at the bottom of the warrant of attorney, two of them with a seal and hers without, the recital in the body of the warrant of attorney is that "the subscribers, Matej Kripner and Martin Kripner are" the persons indebted upon the note.

In Camden v. McKoy, 3 Scam. 436, it is said, on page 447:

"Whilst the law requires no particular form of words to constitute a promissory note, and designates no particular place at which the owner (maker) shall affix his name, in order to establish his liability in that capacity, yet, by the universal consent and acquiescence of commercial and business men, custom has established and sanctioned a form and mode of signing, which furnishes a legal presumption of the intention of the parties, and the precise character of the liability attaching to the signature, which presumption may, in many cases, be rebutted by parol evidence.

For instance, a signature at the bottom of a note, on the right hand side of the paper, is *prima facie* evidence that it was affixed there in the character of maker, whilst the same signature, at the left hand side of the paper would furnish equally satisfactory evidence that it was placed there only as a witness to the instrument.

So the signature of a third person, upon the back of a note, after the payee has indorsed it, is evidence of a contract to become responsible as second indorser."

Applying the rule of legal presumption so laid down, to the notes in question, Katerina Kripner was a mere witness to the notes, and could not be held as a maker thereof without evidence which should overcome that presumption.

If the evidence that was heard on behalf of the plaintiff had a tendency to overcome such presumption, it was then competent for her testimony, in support of the presumption, to be submitted to and considered by the jury in connection with that on the part of the plaintiff.

The striking from the files of the defendant's plea of non-assumpsit destroyed the issues presented by such plea, and following that order with a direction to the jury to find a verdict against the defendant as maker of the notes, was depriving her of a right to which she was entitled.

The plea should have been allowed to stand as an unverified one, and the question of the capacity in which the defendant's name appeared on the notes should have been left to the jury upon the evidence, with proper instructions. It follows, therefore, that the order striking the plea from the files should be set aside, and that the cause be reversed and remanded.

The point that the bill of exceptions is not properly a part of the record, is not well taken.

The stipulation of the parties under which the original bill of exceptions was attempted to be made a part of the transcript of the record for this court, included several subjects, and when examined as a whole, it is clearly sufficient. Reversed and remanded.