## Keeley Brewing Co. v. George Emrick.

1. ULTRA VIRES—*What is Not.*—The renting of a place to sell beer is not in excess of the powers of a corporation organized for the business of brewing, manufacturing, buying and selling lager beer and malt.

2. ESTOPPEL—*When Not Allowed to Prevail.*—The doctrine of *ultra vires*, when invoked for or against a corporation, should not be allowed to prevail when it will defeat the ends of justice or work a legal wrong.

**Action for Rent.**—Appeal from the County Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

PATRICK McHUGH, attorney for appellant.

WALTHER & LANAGHEN, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This suit, begun before a justice of the peace and appealed to the Circuit Court, where the judgment here involved was rendered, was brought by the appellee against the appellant to recover an installment of rent for the month of July, 1895, under a written lease made by appellee to appellant of the first or store floor of No. 7601 Cottage Grove avenue, to be occupied for a saloon and living rooms.

The lease was dated May 1, 1893, and was for a term of five years, at a gross rental of $3,540, payable in monthly installments.

It was proved that the appellant took possession of the premises about the time the lease was executed and that it paid the rent for two years and one month, and up to July, 1895.

For that period the appellant, either through its agents or sub-tenants, occupied and enjoyed the benefit of the leased premises, but from thenceforward vacated and apparently abandoned the premises. The defense is that the contract of lease was *ultra vires* the appellant.

Appellant's charter describes the object to be " the business of brewing, manufacturing, buying and selling lager beer and malt."

It was shown that the business that was carried on in the premises was that of a saloon, and it was shown that the appellant's manufacturing plant was at 28th street and the lake, and that the saloon in question was not necessary to its business.

While, as we have heretofore said (Nat. Br'g Co. v. Ahlgren, *post*), we do not think the renting of premises to be used as a place to sell beer was in excess of the powers of a corporation organized for purposes like the objects of appellant, we may here, as we did there, place our decision upon the ground of estoppel.

Appellant is estopped from setting up its lack of power to make such a contract, when after having made it, it entered into possession under it and partook of the benefits conferred by it. What we said in National Brewing Company v. Ahlgren (No. 6189 this term), in this connection, is applicable here, and we refer to that opinion for our reasons and authorities.

If there be any serious contention that the execution of the lease by the appellant was not sufficiently proved, it is fully met by a reference to the statute, section 62, chap. 78, Rev. Stat. (Hurd's Ed. 1895), entitled " Justices," which prohibits such a defense except the denial of execution be made by the affidavit of the party denying the execution of the instrument.

See also Sec. 34, chap. 110, entitled " Practice;" and N. W. Br'g Co. v. Manion, 44 Ill. App. 424.

The cause was tried by the court without a jury, and the propositions of law which appellant submitted to the court upon the theory that the lease was *ultra vires* and void as to the appellant, and that it was not the deed of appellant, were properly refused.

The judgment of the Circuit Court is accordingly affirmed.