### Katerina Kripner v. Rad Lincoln, etc.

1. BURDEN OF PROOF—*Verified Pleas.*—In an action of assumpsit upon a promissory note, where a plea of non-assumpsit verified is filed, the burden of proving the execution of the note is upon the plaintiff.

2. PROMISSORY NOTES—*Position of Signatures.*—In many cases the position of a name on a promissory note fixes the character of the liability of the writer, which can not be changed by parol evidence, as an indorsement in blank by the payee is an assignment carrying with it the statutory liability.

3. SAME—*Signature at the Left Hand Corner.*—Where the signature upon a promissory note offered in evidence appears upon the left hand side, a legal presumption arises that the person writing it placed it there in the capacity of a witness, and such presumption will prevail, unless overcome by some evidence outside of the note.

4. ULTRA VIRES—*By Mutual Benefit Association.*—A demurrer to a plea of *ultra vires* by a mutual benefit association, to an action upon a promissory note, is properly sustained.

Assumpsit, upon a promissory note. Error to the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed October 22, 1896.

JONES & LUSK, attorneys for plaintiff in error.

J. F. KOHOUT, attorney for defendant in error.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case is here the second time; 54 Ill. App. 675. We refer to that report for the facts. It comes now without the question then discussed, as to striking out a plea.

The present record contains non-assumpsit verified, so that whether the notes sued upon are her notes or not, is in issue. The testimony on the part of the appellee, alluded to in the former opinion, was repeated, and consisted of conversations by the appellant with persons connected with the appellee, in which she recognized as fact that she had signed some notes not produced, which she would pay if produced. Besides that, there was the testimony of a witness who saw her sign her name twice in a saloon eleven years before; that on these notes are her signatures. All of this testimony fails to show that the notes in suit were signed by her as one of the makers.

Leaving out of the testimony of the witnesses their statements of what they were talking about with the appellant, there is nothing in what was said between them that relates to any particular notes—nothing of identification. It

is inferable from the record, that the other Kripners were her husband and son. She testified that there was another transaction to which her conversation related, but without that, in order to show that the notes in suit were the subject of the conversation, it would be necessary to show that there were no other transactions to which the conversation might relate. Nothing in the case—except the testimony as to the genuineness of her signature—tends to show that she had any previous knowledge of these notes. Now, assuming the genuineness of her signature, she is—without further proof—but a witness (Steininger v. Hoch, 39 Pa. St. 263); a conclusion that is corroborated by the recital in the warrant of attorney.

In many cases, the position of a name on a promissory note fixes the character of the liability of the writer, which can not be changed by parol evidence.

The indorsement in blank by the payee is an assignment, carrying with it the statutory liability, which can not be enlarged or diminished by parol. Johnson v. Glover, 121 Ill. 283.

Without saying that parol evidence would not be admissible to show that she did sign as maker, it is enough to say that there is no evidence tending to show that she did.

Among instructions asked by the appellant, and refused, to which refusal she excepted, were these:

" You are further instructed, as a matter of law, that no legal obligation arises out of an acknowledgment or a ratification of an indebtedness, unless such acknowledgment or ratification is made with knowledge of all the facts bearing upon the question of liability; and in this case, although you may believe from the evidence that the defendant, Katerina Kripner, acknowledged having signed certain notes, yet if you further believe from the evidence that she had reference to other notes or other indebtedness, and that she did not, at that time, know of the existence of the notes now in controversy, such acknowledgment would not render her liable on the notes in controversy.

The court instructs the jury that although you may believe from the evidence that the name of the defendant,

Katerina Kripner, appearing upon the notes offered in evidence, and appearing upon the left hand side of the notes, was written by her, yet you are instructed as a matter of law, that being so placed upon the left hand side of said notes, a legal presumption arises that she signed the same in the capacity of a witness, and unless such presumption is overcome by some evidence outside of the notes, your verdict should be for the defendant."

Of its own motion, the court did instruct as follows:

"The jury are instructed that if they believe from all the evidence that the defendant executed the notes sued upon, as a joint maker thereof, and that the same have not been paid, then the jury should find for the plaintiff, and assess its damages at the principal sums mentioned in said notes, with interest as stated in said notes.

Although the jury believe, from the evidence, the defendant did sign said notes, yet if they further believe from the evidence she signed the same simply as a witness, then the jury should find for the defendant; and if the jury believe from the evidence that the defendant did not sign said notes, then the jury should find for the defendant."

The instructions asked by the appellant, copied above, should have been given. The first is, in itself, so obviously correct, that nothing can be said to make it plainer.

And the second is in accord with the former opinion in this case, and with the case cited from Pennsylvania.

The instructions given by the court were no equivalent. They left the subject of the first untouched, and that of the second to the unaided ignorance of the jury.

The appellant pleaded *ultra vires;* in short, that the appellee was a mutual benefit association, and could not take a valid obligation for money lent. Such a defense, as to past transactions, finds less encouragement in this State than in many others. See cases collected in National Brg. Co. v. Ahlgren, 63 Ill. App. 475; see, also, Keeley Brg. Co. v. Emrick, 64 Ill. App. 247.

The demurrer to that plea was properly sustained.

The judgment is reversed because of the error as to instructions, and the cause remanded.