EDWARD J. MILTON *vs.* BANGOR RAILWAY & ELECTRIC COMPANY.

Penobscot.    Opinion November 26, 1907.

*Street Railroads.    Defective Crossing over Tracks.    Common Law Liability.*
*Special Limitations of Liability Unconstitutional, When.    Private and*
*Special Laws, 1891, section 3.    R. S., chapter 53, section 27.*

1.    Whenever a franchise or right coupled with a corresponding duty is con-
ferred by the legislature upon a person or corporation and is accepted, such
person or corporation is answerable by the common law to a third person
who sustains damage by the neglect of that duty.

2.    An acceptance by a street railway company of a franchise to occupy
portions of the streets of a town with its railroad, coupled with the duty
of keeping such portions of the streets in repair, gives a right of action
against the company by a traveler injured by its neglect of that duty.

3.    The people of the State have not given the legislature power to exempt
any particular person or corporation from the operation of the general law
of the State or to impose special conditions or limitations upon rights of
action against a particular person or corporation.

4.    An Act of the legislature that no action shall be maintained against a
particular street railway company therein named, for injuries caused by its
neglect of duty to keep in repair those parts of the street of a town occu-
pied by its railway, unless one of its directors had twenty-four hours actual
prior notice of the defect and subsequent notice of the injury within four-
teen days, is to that extent unconstitutional and void.

On report.    Judgment for plaintiff.

Action on the case to recover damages for injuries to the plaintiff's
horse and harness caused by an alleged defect in a crossing over the
defendant's tracks in the City of Old Town.    The cause came on to
be heard before a jury at the April term, 1907, of the Supreme
Judicial Court, Penobscot County.    After the evidence was taken
out, it was agreed to report the case to the Law Court for decision
in accordance with the stipulations hereinafter stated.

The report, among other things alleges as follows:

"Plaintiff offered evidence to show a defective crossing over said defendant's tracks at the junction of Elm street and Stillwater Avenue in the city of Old Town; that said defect was due to the defendant's negligence; and that his own negligence did not contribute to his injury. It was admitted by defendant that it owned and operated the line of electric road between Bangor and said Oldtown, at the point where and at the time when the plaintiff suffered injury to his horse and harness. Plaintiff admitted that the Bangor Railway & Electric Company was the successor of the Bangor, Orono and Old Town Railway Company.

"Defendant moved for a nonsuit, on the ground that the plaintiff had failed to prove that the defendant had 24 hours actual notice of the defect causing plaintiff's injury, or that within 14 days thereafter he had given notice thereof to the directors of the defendant corporation.

"Defendant claimed this right of notice by virtue of chap. 116 of the Private and Special Acts of 1891, entitled 'An act to incorporate the Old Town, Orono & Veazie Railway Company,' sect. 3 of said act providing in part as follows: . . . 'Said corporation shall be liable for any loss or damage which any person may sustain by reason of any carelessness, neglect or misconduct of its agents or servants, or by reason of any defect in so much of said streets or roads as is occupied by said railroad if such defect arises from neglect or misconduct of the corporation, its agents or servants; and in actions brought against the company to recover damages by reason of such defects, the plaintiff shall have the rights and be subject to the burdens of proof and limitations and conditions provided by the general statutes applicable to suits for such causes against towns as now existing, the directors of said company standing in this respect in place of town officers.'

"It was admitted that the existence of this right in the defendant depended upon the construction of chap. 495 of the Private and Special Acts of 1889, entitled 'An Act to incorporate the Old Town Street Railway Company'; chap. 116 of the Private and

Special Acts of 1891, before recited; sect. 27 of chap. 53 of the Revised Statutes; chap. 559 of the Private and Special Acts of 1893, entitled 'An Act to change the name and amend the charter of the Old Town, Orono & Veazie Railway Company'; chap. 111 of the Private and Special Acts of 1895, entitled 'An Act to amend the charter of the Bangor, Orono & Oldtown Railway Company'; and chap. 46 of the Private and Special Acts of 1905, entitled 'An Act to confirm the organization of the Old Town Electric Company, to change its name to Bangor Railway and Electric Company, and to authorize it to acquire the properties and franchises of the Public Works Company, the Bangor, Orono and Old Town Railway Company and the Bangor, Hampden & Winterport Railway Company, and to confer certain powers upon said Bangor Railway & Electric Company." (Here follows various excerpts from the acts and statutes mentioned in the preceding paragraph, and also an admission in relation to a certain lease between the Old Town, Orono & Veazie Railway Company and the Old Town Street Railway Company, for the term of 999 years.)

"It was admitted that the Bangor Railway & Electric Company accepted the franchise conferred by this act. (Private and Special Laws, 1905, chapter 46); that special meetings of the stockholders and directors of the Bangor, Orono and Old Town Railway Company were duly called and held on the 7th day of April, 1905, and that at such meetings it was unanimously voted to merge the Bangor, Orono & Old Town Railway Company into the Bangor Railway and Electric Company and that for this purpose by a deed of indenture dated April 7th, 1905, duly executed and delivered, the Bangor, Orono & Old Town Railway Company did sell and the Bangor Railway and Electric Company did purchase all the property of said Bangor, Orono and Old Town Railway Company, including ' rights, privileges, immunities and franchises.'

"It was agreed that the case should be reported to the Law Court for its decision. If the Court shall hold that under the various legislative enactments herein set forth, defendant's liability for plaintiff's injuries, caused by defect in a public way, and due to its negligence is conditioned upon 24 hours actual notice of said

defect prior to said injuries, and upon notice given by the plaintiff to the directors of the defendant corporation within 14 days after said injuries, judgment to be for the defendant; otherwise for the plaintiff in the sum of fifty dollars."

The case sufficiently appears in the opinion.

*Waterhouse & Crawford*, for plaintiff.

*E. C. Ryder*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, C. J.   The Old Town, Orono and Veazie Railroad Company incorporated in 1891 by chap. 116 of the special laws of that year, received authority to occupy portions of the streets of Old Town with its railroad tracks, &c., but coupled with the duty of keeping and maintaining in repair all such portions and of making all other repairs of such streets which should be rendered necessary by the occupation of them by its railroad.   (Secs. 1 and 2 of the charter.) Under this charter that company constructed its tracks and operated its railroad through various of the streets of Old Town.   Its property, franchise and duty subsequently passed by various conveyances and legislative acts to the defendant company which since 1905 has maintained the tracks and operated the railroad through the same and other streets of Old Town.

The plaintiff, while traveling in 1906 with his horse and carriage through the streets of Old Town, suffered an injury to his horse and harness through a defect in a crossing over the defendant company's tracks at a junction of two streets, which defect was due to the defendant company's neglect of its duty under its charter.   The plaintiff was without fault and has not been compensated.

For defense the defendant company relies solely upon the following provision in sec. 3 of the original charter of 1891, viz:

"Said corporation shall be liable for any loss or damage which any person may sustain by reason of any carelessness, neglect or misconduct of its agents or servants, or by reason of any defect in so much of said streets or roads as is occupied by said railroad, if such defect arises from neglect or misconduct of the corporation,

its agents or servants; and in actions brought against the company to recover damages by reason of such defects, the plaintiff shall have the rights and be subject to the burdens of proof and limitations and conditions provided by the general statutes applicable to suits for such causes against towns as now existing, the directors of said company standing in this respect in place of town officers."

To maintain a suit for such a cause of action against a town it must be made to appear that one or more of certain specified town officers had actual notice of the defect twenty-four hours before the injury was received from it, and within fourteen days after the injury received notice thereof from the plaintiff. There being no evidence to the contrary it must be assumed that no director of the defendant company had any such notice of the defect or of the injury. The defendant contends that the right of action against it for damages thus caused by it, is a creature of the statute cited and is limited to cases stated in that statute, viz., to cases where a director had the twenty-four hours previous notice and the subsequent fourteen days' notice.

This contention cannot be sustained. The plaintiff has a common law right of action independent of the statute. There was granted by the State to the defendant company a right, a franchise, to occupy portions of the streets, but coupled with the corresponding duty of keeping them in repair. The duty was prescribed for the protection of the traveling public. It was voluntarily assumed along with the right, and, with it, was assumed the necessary concomitant of a common law liability to any of the traveling public suffering injury through its breach. The assumption of the duty creates the liability and the consequent right of action in favor of those persons for whose protection the duty was prescribed. *Veazie* v. *Penobscot R. R. Co.*, 49 Maine, 119 ; *Tobin* v. *P. S. & P. R. R. Co.*, 59 Maine, 183 ; *Gillett* v. *Western R. R. Corp.*, 8 Allen, 560 ; *Gates* v. *Pennsylvania R. R. Co.*, 150 Pa. St. 50 . (24 At. Rep. 638). "At common law, whenever a right is conferred and a corresponding duty imposed upon a person or corporation, it is answerable to a third person who sustains damage by the negligent discharge of that duty." *Mann* v. *Central Vermont R. R. Co.*, 55 Vt. 484 at p. 487.

This principle is affirmed in the case of street railroads, ex majore cautela, by our general statutes R. S., ch. 53, sec. 27.    viz :

"All street railroad corporations shall be liable for any loss or damage which any person may sustain, by reason of any negligence or misconduct of any such corporation, its agents or servants, or by reason of any obstructions or defects in · any street or road of any city or town, caused by the negligence of such corporation, its agents or servants."

Of course, municipal corporations which act in the care of the streets, as governmental agencies, as trustees for the public, are not within this common law rule.    The distinction and the reasons fo r it are familiar and need no new statement.    *Riddle* v. *Proprietors, &c.*, 7 Mass. 169.

The defendant further contends, however, that if the legislature did not create the plaintiff's right of action, it has by the words of the charter quoted above exempted the defendant company from liability for injuries caused by its negligent performance of its duty of keeping the streets in repair, unless some one of its directors had twenty-four hours previous notice of the defect and received notice of the injury within fourteen days afterward.    To this claim of exemption the answer should be apparent.    The people have not conferred upon the legislature the power to exempt any particular person or corporation from the operation of the general ˙ law, statutory or ˙common.    *Holden* v. *James*, 11 Mass. 396 ; *Simonds* v. *Simonds*, 103 Mass. 572; *Lewis* v. *Webb*, 3 Maine, 326 ; *Durham* v. *Lewiston*, 4 Maine, 140.    In *Lewis* v. *Webb*, supra, the court, per Mellen, C. J., said "On principle then it can never be within the bounds of legitimate legislation to enact a special law, or pass a resolve dispensing with. the general law in a particular case, and granting a privilege and indulgence to one man by way of exemption from the general law, leaving all other persons under its operation."

We have no occasion to consider whether the attempted statutory exemption is forbidden by the XIV Amendment to the U. S. Constitution, or by Section 19 of the Maine Declaration of Rights which declares that "every person·for an injury done him in person,

reputation, property or immunities shall have remedy by due course of law." *Preston* v. *Drew*, 33 Maine, 558; *Bennett* v. *Davis*, 90 Maine, 102. It sufficiently appears, without reference to those constitutional provisions, that despite the provisions of its charter the defendant company is not exempt from liability for the consequences of its negligence in the performance of the duty it assumed, and that the plaintiff is entitled to judgment according to the stipulations in the report, to wit, for fifty dollars.

*Judgment for the plaintiff for fifty dollars.*