OPINION OF the JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.

Supreme Judicial Court of Maine.

Questions Propounded by the House in an Order Dated May 31, 1979.

Answered June 6, 1979.

HOUSE ORDER PROPOUNDING QUESTIONS

ANSWERS OF THE JUSTICES

To the Honorable House of Representatives of the State of Maine:

In compliance with the provisions of section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court have the honor to submit the following answers to the questions propounded on May 31, 1979.

*Question # 1:* Would House Paper 1172, Legislative Document 1432, as amended by House Amendment "A", under filing number H–579, attached as Exhibit A, if enacted into law, violate Article I, section 6–A or Article IV, part 3, section 13 of the Maine Constitution?

*Question # 2:* Would Senate Paper 547, Legislative Document 1614, as amended by House Amendment "A", under filing number H–580, attached as Exhibit B, if enacted into law, violate Article I, section 6–A or Article IV, part 3, section 13 of the Maine Constitution?

*ANSWER:* We answer both questions in the affirmative.

L.D. 1432, "Resolve Authorizing the Town of Kennebunk to Abate Certain Property Taxes," by its terms would authorize the Town of Kennebunk to abate certain property taxes for the years 1973 to 1977 assessed and collected by the town on the

property of Lawrence B. Folsom and Mary C. Folsom. This resolve, if it became law, would authorize the Town of Kennebunk to grant an abatement to the Folsoms which would not be authorized for any other taxpayers similarly situated.

L.D. 1614, "Resolve Providing a Special Restaurant Malt Liquor License in the Town of Georgetown," by its terms would authorize the issuance of a special restaurant malt liquor license in the Town of Georgetown to Robinhood Marina, Inc. for October 2–9, 1979. Such license would not be available to any other applicant under the general law relating to the issuances of the malt liquor licenses, 28 M.R.S.A. § 101 (Supp.1978–79).

The underlying issue raised by the questions may be set in proper perspective by quoting the words of Mr. Chief Justice Mellen, who said in *Lewis v. Webb*, 3 Me. 326, 336 (1825):

> "On principle then *it can never be within the bounds of legitimate legislation, to enact a special law, or pass a resolve dispensing with the general law, in a particular case, and granting a privilege and indulgence to one man, by way of exemption from the operation and effect of such general law, leaving all other persons under its operation.* Such a law is neither just or reasonable in its consequences. It is our boast that we live under a government of laws and not of men. But this can hardly be deemed a blessing unless those laws have for their immoveable basis the great principle of constitutional equality." (Emphasis added)

This decision has been consistently followed by this court in *Durham v. Lewiston*, 4 Me. 140 (1826); *Milton v. Bangor Railway & Electric Co.*, 103 Me. 218, 68 A. 826 (1907); *Maine Pharmaceutical Ass'n v. Board of Comm'rs*, Me., 245 A.2d 271 (1968); *Look v. State*, Me., 267 A.2d 907 (1970).

 Of course, as the Law Court noted in *Nadeau v. State*, Me., 395 A.2d 107 (1978), special legislation does not constitute a *per se* violation of the special legislation clause (Article IV, part 3, section 13).

"Where the objects of a law cannot readily be attained by general legislation, special legislation may be enacted." *Id.* at 113. Nor can an alleged denial of the equal protection clause of the Maine Constitution (Article I, section 6–A) rest solely on the fact that the legislation affects a limited number of people. "Where there has been a reasonable classification of the objects of the law, generally there are no equal protection problems, even if the law does not operate equally on all individuals and places alike. Universality is immaterial as long as those affected are reasonably different from those excluded and there is a rational basis for treating them in a different manner." *Id.* at 113.

 In reviewing L.D. 1432 and L.D. 1614, we find no factors distinguishing the beneficiaries of the special resolves from others similarly situated. There is nothing in the findings of fact submitted to us to suggest that the Folsoms are the only victims of an assessor's error or that the owners of Robinhood Marina, Inc., are the only entrepreneurs in a town which has voted to bar the granting of licenses for the sale of malt liquor to be consumed on the premises who desire temporary waiver of the prohibition.

For these reasons, we must conclude that L.D. 1432 and L.D. 1614 would violate Article I, section 6–A, and Article IV, part 3, section 13, of the Maine Constitution if enacted into law.

VINCENT L. McKUSICK
Chief Justice
CHARLES A. POMEROY
SIDNEY W. WERNICK
JAMES P. ARCHIBALD
THOMAS E. DELAHANTY
EDWARD S. GODFREY
DAVID A. NICHOLS
Associate Justices